JANE A. EATON *vs.* FITCHBURG RAILROAD COMPANY.

Suffolk. March 12. — Sept. 10, 1880. ENDICOTT & SOULE, JJ., absent.

In an action against a railroad corporation, under a declaration alleging that the plaintiff, while travelling on the highway, was injured at a grade crossing "by reason of the carelessness and negligence of the agents and servants of the defendant," the jury may consider whether, under all the circumstances of the case, the defendant was guilty of negligence in not having a gate or a flagman at the crossing, although never requested by the selectmen of the town, nor ordered by the county commissioners, to do so, under the St. of 1874, c. 372, § 126.

COLT, J. The first count in the plaintiff's declaration contains a general allegation that she was injured at a grade crossing while travelling in the highway, " by reason of the carelessness and negligence of the agents and servants of the defendant." It was admitted that the defendant corporation had never been requested by the selectmen, or ordered by the county commissioners or other persons having authority, to erect a gate or place a flagman at this crossing.

The judge ruled at the trial that, in passing on the question of the defendant's negligence, it was competent for the jury, under the declaration, to consider whether the defendant had used such reasonable care, in addition to the ringing of the bell and the blowing of the whistle required by the statutes, as the safety of travellers demanded at this particular crossing. There was much evidence introduced on this point, and the jury were permitted to view the premises.

This ruling is in accordance with the law as settled at an early day by this court, and as recognized in many decisions since. These cases all rest on the common law rule that, when there are different public easements to be enjoyed by two parties, at the same time and in the same place, each must use his privilege with due care, so as not to injure the other. The rule applies to grade crossings, because the traveller and the railroad each has common rights in the highway at those points. The fact that the Legislature has seen fit, for the additional safety of travellers, imperatively to require the corporation to give certain warnings at such crossings, does not relieve it from the duty of doing whatever else may be reasonably necessary. The statute makes positive regulations, and the defendant at its peril is bound to comply with them; but a compliance does not relieve it from any duty it was under before, and the defendant is still bound to take other precautions if necessary. It is sufficient to cite a few of the earlier and later cases. *Bradley* v. *Boston & Maine Railroad*, 2 Cush. 539. *Linfield* v. *Old Colony Railroad*, 10 Cush. 562. *Norton* v. *Eastern Railroad*, 113 Mass. 366. *Favor* v. *Boston & Lowell Railroad*, 114 Mass. 350.

But it is contended that, as the corporation had never been required, under the provisions of the Gen. Sts. *c.* 63, §§ 86–89, and the St. of 1874, *c.* 372, § 126, to erect a gate and employ a flagman at this crossing, the question whether such additional precautions should have been used should not have been submitted to the jury. The argument is that the Legislature has left it to the authorities named to determine as to their necessity. But the purpose of these provisions is to require imperatively the additional securities when, in the opinion of the selectmen and county commissioners, the provisions of the other statutes do not afford a sufficient protection. If no action is had, the corporation

is still under the rule which requires the exercise of reasonable care on its part; and the jury cannot be limited in their inquiries by the fact that a gate or a flagman has never been ordered, however proper it may be for them to take that fact into consideration. *Commonwealth* v. *Boston & Worcester Railroad*, 101 Mass. 201. The whole question of what other precautions were reasonably necessary being open to them, it is the duty of the jury to consider whether, although no gate or flagman had been ordered, it was not still the duty of the corporation to provide them.

It is not open to the defendant to object that this evidence was not admissible under the declaration. The allegation of negligence, in the first count, is broad enough to cover any omissions of duty on the part of any agent or servant of the corporation, of which evidence was offered, affecting the safety of this crossing. The declaration was not demurred to. If the allegation is too general, and the defendant desired a more specific statement of the negligence relied on, it should have applied for it before the trial. Gen. Sts. *c.* 129, § 58. *Oliver* v. *Colonial Gold Co.* 11 Allen, 283. If the defendant was surprised by the evidence offered at the trial, a delay should have been asked for. It is sufficient if facts enough were proved to establish a cause of action which has been informally stated. *Lee* v. *Kane*, 6 Gray, 495. *Clay* v. *Brigham*, 8 Gray, 161.

*Judgment on the verdict.*

*E. D. Sohier*, for the defendant.

*W. Gaston & G. A. A. Pevey*, (*F. A. Worcester* with them,) for the plaintiff.