## Robert Willett, Appellee, v. The Baltimore and Ohio Southwestern Railroad Company, Appellant.

Opinion filed March 6, 1936.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and JOHN C. ROBERTS, all of East St. Louis, for appellant; WILLIAM A. EGGERS, of counsel.

BEASLEY & ZULLEY, of East St. Louis, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Robert Willett brought suit against The Baltimore and Ohio Southwestern Railroad Company in the city court of East St. Louis to recover damages for personal injuries he sustained in a grade crossing accident at the intersection of defendant's tracks and a public highway known as Kingshighway in St. Clair county.

The original declaration filed in January, 1932, contains two counts; the first charged general negligence in operating and driving the locomotive and the second, a failure to comply with the statute in ringing a bell and sounding a whistle before reaching the crossing.

In January, 1934, plaintiff amended his pleadings by filing a complaint under the Civil Practice Act. The specific acts of negligence relied upon are set forth in separate paragraphs. The second paragraph charges negligence in the failure of the defendant to ring a bell, sound a whistle or give warning of the approach of the train; the third, failure to have a headlight burning; fourth, neglect to have its locomotive under control so as to be able to stop and avoid the collision, knowing that the crossing is extensively used by the public; fifth, failure to give warning of the approach by having a watchman or mechanical device at the crossing, knowing the view of the public

for approaching trains was obstructed; sixth, that the train was going at an unreasonable speed, knowing the crossing was unprotected, and seventh, that the defendant was negligent in maintaining a steep upgrade to the crossing making it impossible for plaintiff to stop his truck until he was upon the main track. Later the complaint was amended charging wilful and wanton negligence. At the conclusion of all the evidence the court directed a verdict as to the latter charge. Defendant's answer denied each allegation and as to the seventh paragraph, also pleaded the two-year statute of limitations. On a trial by jury, plaintiff was awarded a judgment for $2,999.

On this appeal, defendant contends the court erred in its rulings on defendant's motion for a directed verdict, in admission of evidence, the giving and refusal of instructions and in overruling its motion for a new trial.

The evidence shows that at the crossing where the accident occurred, the public road extends north and south. It is paved except about 300 feet immediately south of the tracks. This unpaved surface was of dirt, gravel and cinders and had previously been covered with oil. The tracks were double, the north track being used for west-bound trains. They were on a roadbed somewhat higher than the adjoining land to the south and somewhat higher than the paved part of the highway, thus making an upgrade approach to the crossings from the south. The approach was not a uniform incline but varied from four to 14 per cent. About 5:30 a. m., November 9, 1931, plaintiff, driving a light delivery truck, drove onto the crossing from the south. Defendant's freight train, an engine and about 50 cars, going west on the north track, collided with the plaintiff's truck. The track extended in a straight line east and west from the crossing for a mile. The visibility was not good; some

of the witnesses described it as being dense fog, others as smoky and hazy.

Plaintiff testified that he had on previous occasions driven over the crossing in daylight but never when it was dark. He also knew that there were cross-arm warning signs for the crossing. His testimony is that when he was 30 feet south of the track, he stopped, looked and listened, but did not see or hear anything; that he drove onto the crossing; that the train was only 15 to 20 feet away when he first saw it; that no bell rang or whistle sounded and no headlights were burning on the engine and that it was dark. In this he is partly corroborated by one witness but several witnesses testified positively that the whistle sounded, the bell rang and that a headlight was burning.

The negligence that would arise from the breach of defendant's duty to sound the horn, ring the bell and have a headlight burning was properly pleaded and there being evidence tending to support such charges, the court properly submitted those questions to the jury.

It is our opinion that there is error that requires a reversal of the judgment and remanding of the cause for a new trial. In our discussion, we will consider some points that would not be fatal to the judgment on this appeal but which may arise on another trial.

Defendant moved to strike paragraphs four, five, six and seven of the complaint, objected to the introduction of evidence under said paragraphs and made a motion for a directed verdict as to each paragraph.

In reference to the charge of negligence of not having the train under such control as to be able to stop and avoid the collision, it has long been the settled law of this State that where a railroad train and a person traveling on the highway with a vehicle are each approaching a crossing at the same time, it is

not the duty of the railroad company to have its trains under such control as to be able to stop and avoid a collision, but it is the duty of the traveler on the highway to stop and not to attempt to pass in front of the advancing train. *Toledo, W. & W. Ry. Co. v. Jones*, 76 Ill. 311; *Chicago, B. & Q. R. Co. v. Damerell*, 81 Ill. 450; *Newell v. Cleveland, C., C. & St. L. Ry. Co.*, 261 Ill. 505; *Williams v. Pennsylvania R. Co.*, 235 Ill. App. 49. The motion to strike the fourth paragraph on the grounds that it did not state a cause of action should have been sustained and it was error to submit it to the jury.

The fifth paragraph of the complaint charges the defendant to have neglected to have a watchman or mechanical device at the crossing to warn the plaintiff of the approach of the train. Defendant contends that the Illinois Commerce Commission is given sole power to determine the necessity of a watchman or signaling device at the crossing and since it does not appear that the commission has ordered a watchman or warning device for this crossing, it cannot be charged with negligence for failure to provide the same.

We cannot agree with that contention. In *Wagner v. Toledo, P. & W. R. R.*, 352 Ill. 85, page 91, it was said, "A railroad company in the running of its trains is required to exercise ordinary care and prudence to guard against injury to those who may be traveling upon the public highway and crossing its tracks. The fact that the statute may provide one precaution does not relieve the company from adopting such others as public safety or common prudence may dictate. The ringing of a bell and the blowing of a whistle are not alone sufficient to excuse a railroad company from maintaining other means of warning the traveling public when conditions are such as shown in the case at bar. *(Chicago, Burlington and Quincy Railroad Co.*

*v. Perkins,* 125 Ill. 127; *Indianapolis and St. Louis Railroad Co. v. Stables,* 62 id. 313; 22 R. C. L. sec. 226; *Eaton v. Fitchburg Railroad Co.,* 129 Mass. 364; *Grand Trunk Railroad Co. v. Ives,* 144 U. S. 408.) Even in the absence of statutory requirements it may be negligence not to provide a signboard, if the crossing is of unusually dangerous character. (*Shaber v. St. Paul, etc., Railroad Co.,* 28 Minn. 103; *Winstanley v. Chicago, etc., Railroad Co.,* 72 Wis. 375.)"

In *Opp v. Pryor,* 294 Ill. 538, the court, in considering a grade crossing accident which occurred in the night, said, "There was therefore no statutory duty to maintain a watchman or gates at the crossing, and neither by custom nor judicial decision has it ever been held that it is the general duty of railroad companies to maintain watchmen or gates at public crossings. There is a common law duty to exercise such care and use such precautions as will enable the traveler on the highway, if he exercises ordinary care, to ascertain in the nighttime the approach of an engine backing cars over a street crossing. There may be special conditions creating special dangers that might require a watchman or gates at a street crossing, as in the case of such crossing in a populous city in constant use by the public, but there was neither allegation nor proof of any such condition at this crossing in a residence neighborhood, so that no cause of action was proved under the third count."

Before plaintiff would be entitled to recover on the charge that defendant did not have a watchman or mechanical warning device at the crossing, it was incumbent upon him to plead and prove that the crossing was by reason of some conditions or circumstances more dangerous than the ordinary crossing and that it caused unusual peril to persons crossing it. The allegation that plaintiff knew it was obstructed is not an allegation of fact from which it can be deter-

mined whether the obstruction is such as to make it extra hazardous. The allegation the defendant knew it was obstructed did not aid the pleading for the defendant was charged with knowing the condition of the crossing.

The sixth paragraph, charging negligence in the speed of the train is likewise defective for want of sufficient allegation of fact. There is conflict in the evidence as to the speed of the train, varying from 25 to 50 miles per hour. It does not appear that the crossing was within the corporate limits of any city or village or that there was any statutory restriction as to speed. In the absence of statute or ordinance or other regulations imposed by authority of statute, a railroad company has the right to operate its trains at such speed as it may deem best, subject however, that it must be proper and consistent with the safety of travelers who are attempting to pass over the crossing and who are in the exercise of due care for their own safety and with the safety of its passengers and employees. *Partlow v. Illinois Cent. R. Co.,* 150 Ill. 321; *Passwaters v. Lake Erie & W. R. Co.,* 181 Ill. App. 44.

It is defendant's contention that the cause of action set up in the seventh paragraph, viz., negligence in not maintaining a proper approach to the crossing is barred by the two-year statute of limitations. The accident happened November 9, 1931. The original declaration was filed in January, 1932, and the amended complaint in January, 1934.

Plaintiff contends that this question is controlled by section 46 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 174, and that under this section his amended pleading as set out in the seventh paragraph is permissible. Section 39 of chapter 110 of the former Practice Act dealt with the same subject matter as is now found in section 46 of the present

act. Section 94 of the Civil Practice Act, being the repeal section, expressly repeals said section 39 but the saving clause in said section 94 provides "nothing in this provision for repeal shall impair or affect any action or proceeding commenced before this act shall have taken effect."

It is clear that under this saving clause and the rule announced in *McGirr v. Pritchard,* 258 Ill. App. 467; *Kenfield-Leach Co. v. Industrial Publications,* 320 Ill. 449, the pleading under consideration is to be construed under the provisions of section 39 of the former act.

Section 39 as amended in 1929 provides that any amendment to any pleading should be held to relate back to the date of the filing of the original pleading and that the cause of action or defense set up by the amendment should not be barred, if the original pleading had been filed within the time and "if it shall appear from the original and amended pleading that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence and is substantially the same as set up in the original pleading." In *Day v. Talcott,* 361 Ill. 437, it was held that before section 39 had any application, the original pleading must have stated a cause of action.

The original declaration did state a cause of action, the negligence charged being the failure of the defendant to ring the bell and sound the whistle as the train approached the crossing and failure to have a headlight burning. The question is, Does the failure to have a proper approach to the crossing grow out of the same transaction or occurrence alleged in the original pleading and is it substantially the same?

As was pointed out in *Zister v. Pollack,* 262 Ill. App. 170, there was, prior to the enactment of the amendment, many "pitfalls" in pleading plaintiff's cause of action and that by the amendment of 1929, the legis-

lature intended to correct those in so far as it could be done without seriously prejudicing the rights of the defendant. In the use of the words "transaction" or "occurrence," we believe the legislature intended that they should be given a broader meaning than cause of action and as applied to this case, it was meant to include every act of omission or commission by the defendant to the plaintiff and which affected the rights of the plaintiff as a traveler passing over the crossing and which gave him a cause of action. The charge of negligence in not ringing the bell or sounding the whistle for the crossing and the alleged failure to have and maintain a proper approach to the crossing, each transgressed a right of the plaintiff as a traveler passing over the crossing and are to be considered as rising out of the same transaction or occurrence.

The words "and are substantially the same" are words of limitation. The negligence alleged in the amendment must not only arise out of the same transaction as the action pleaded in the original pleading but must be substantially the same. The negligence charged in the original and amended pleading are substantially the same and require substantially the same defense.

Over the objection of the defendant, the plaintiff was permitted to introduce in evidence an order of the Illinois Commerce Commission directed against the defendant and Pennsylvania Railroad Company. As a finding by the commission it recited that Kingshighway crossed at grade, the double tracks of the defendant, the double tracks and nine switch tracks of the Pennsylvania Railroad Company, that there was a large amount of switching over the switch tracks, many trains on the tracks of each of the railroads, a large amount of travel on the highway and that to separate the grade, it would remove the hazardous conditions, aid in the moving of traffic on the

highway and various other public benefits would flow from it and ordered a separation of the grade as to both railroads.

It was prejudicial error to admit the order in evidence. It brought before the jury the finding of the commission in reference to the crossing which was based upon acts or conditions created in part at least by the Pennsylvania Railroad Company and referred to its crossing. It also referred to many matters of public concern in the direction and regulation of traffic that were entirely foreign to the charges of negligence that were properly pleaded.

Various objections have been urged by the defendant as to the giving and refusal of instructions. In the main the points of law upon which a jury should be instructed in a case of this character were given and while they might have been fuller upon some of the points, we do not find that defendant's rights were seriously prejudiced in that regard.

Under the evidence, the question of due care was properly submitted to the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*