Roberta Palmer and Robert L. Palmer, Appellees, v. George Miller, Appellant.

Opinion filed May 26, 1944.
Opinion modified and rehearing denied September 18, 1944.

STONE & FOWLER, of Marion, and ROY R. HELM, of Metropolis, for appellant.

ALFRED ROY HULBERT, of Chicago, and Grover E. Holmes, of Metropolis, for appellees.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This cause again comes up on appeal from two judgments of the circuit court of Massac county, against appellant, George Miller (hereinafter called defendant), and in favor of Roberta Palmer and her husband, Robert L. Palmer, appellees (hereinafter called plaintiffs), in the respective sums of $25,097.22 and $7,529.16. The judgments were rendered on verdicts

in the respective sums of $25,000 and $7,500, which verdicts were returned in an action for personal injuries sustained by the plaintiff, Roberta Palmer.

We have considered this cause on a previous appeal (*Palmer v. Miller,* 310 Ill. App. 582), and it was, likewise, considered on appeal by our Supreme Court (*Palmer v. Miller,* 380 Ill. 256). As a result of the Supreme Court opinion this cause had been remanded for a new trial for the stated reason that the case be tried again with proper pleadings and instructions. The pleadings to which the Supreme Court referred had predicated recovery (in the pleadings) against the defendant (who was a minor just under the age of 21 years at the time of the accident, but who had since attained his majority), on the theory that the car was being driven by another, as his agent or servant, and the jury was, likewise, instructed on that theory of the case. In the opinion of the Supreme Court, however, it was directly concluded that the basis of the action could properly be against the defendant as possessor or owner of the automobile while he was riding in it, and that he was thereby under a duty to control the driver. The basis of the action against such owner or possessor, it was stated by the Supreme Court, is that the owner himself is guilty of negligence in failing to control the driving of the car, or is in a joint enterprise with the driver. It was upon the absence of a pleading in the previous case, charging such negligence, that the case was remanded for a new trial.

Upon remandment, the pleadings were revised. The amended complaint upon which the case was retried included an allegation that the defendant had possession of the automobile and was seated beside the driver on the trip during which the accident had happened, and the complaint also alleged that the driver negligently drove the automobile, and specifically charged that the defendant negligently failed to keep the automobile under control; negligently failed to properly control

the driver; negligently failed to require the driver to reduce the speed of the automobile on approaching and entering a curve on the highway; negligently failed to exercise ordinary care in supervising and directing the driver; negligently permitted the driver to operate the car at a high and dangerous rate of speed. There were, thus, direct and specific allegations alleging negligence on part of the defendant, precisely in line with the opinion of the Supreme Court and with the cases referred to in such opinion.

The defendant's answer, in addition to the specific denial, recited eleven additional defenses which we will not detail in this opinion other than to refer to the matters therein contained as they may become pertinent to a consideration of material issues in the course of this opinion.

The facts, as developed on the second trial of this case, from which the appeal was taken, did not differ materially from those developed on the first trial, and indicate that the defendant had obtained permission to use his mother's automobile for the purpose of going to a dance at a country club located near Metropolis, and had taken Dan Park, and four others with him to the dance. While the defendant was at the club, he cut his wrist severely and was seen to be bleeding profusely. Dan Park and other persons determined that defendant needed medical care and assisted him from the club to the automobile which defendant had driven to the party. The defendant gave the car keys to Dan Park. At the insistence of Park, the plaintiff, Mrs. Palmer, who was a registered nurse, agreed that she would accompany defendant and Dan Park and assist in caring for defendant. Before entering the automobile, she testified that, defendant who was sitting in the front seat, asked if she would go with him and help him and that she agreed to do so. The automobile was driven by Park, who also sat in the front

seat with defendant and plaintiff, Mrs. Palmer. Other persons occupied the rear seat. Park drove at a very high rate of speed and slid along the gravel on a curve in the road, crashed into a tree, and the car turned over. The injuries to plaintiff, Mrs. Palmer, were very extensive and painful and have required extremely painful surgical operations. She never lost consciousness after the injury. As was stated in the previous opinion, and as is true at present, the evidence of pain, disfigurement and surgery make it apparent that the damages were not, in fact, excessive, in view of the injuries sustained by plaintiff, and the contention that the verdict in this case is excessive cannot be sustained under the facts. It would serve no useful purpose to repeat again the details of evidence in this case, which were summarized by both this court and the Supreme Court in previous opinions.

At the time this case was set for trial on the second trial Dan Park was in the United States Army Air Corps. The record shows that the cause was re-docketed in December of 1942, and that one week before the time of the trial, when it had been set after having been previously postponed, a motion for a continuance was filed on behalf of defendant, based upon the absence of Dan Park. The motion was denied when plaintiffs admitted the affidavit, and that if the missing witness were present he would testify as stated in the affidavit. In accordance with Rule 14 of the Supreme Court Rules, on review of the entire record, we do not believe that the trial court abused its discretion in denying defendant's motion for a continuance. It appears that defense counsel knew in December 1942, that the cause was to be retried, and that Dan Park was out of the jurisdiction of the court, but no attempt was made to take his deposition until just before trial.

Appellant has filed in this court a brief of 146 pages and there are 19 errors assigned, and 51 points set forth specifically in the brief. To treat all of these matters separately would unduly extend this opinion. The

issues in this case, following its retrial and second appeal to this court, at least to this court, do not appear to be involved or complicated, and a less voluminous brief might have made the work of this court in this case less burdensome. We have not attempted to censure counsel for the extensive character and length of their brief because we know too well the difficulties sometimes involved in preparation of involved cases on appeal. At the same time we feel that counsel, in submitting a case for the consideration of this court should be equally considerate of the burden of analysis and consideration which is imposed upon this court through lengthy briefs involving matters which might be summarized or treated more succinctly.

The Supreme Court, in the previous decision in this case (which is the law of the case and which, we believe, accurately expresses the law relating to this subject), has determined that the defendant had the right and the duty to control the driver, Dan Park, and that a question of fact was submitted to the jury as to whether or not the defendant was guilty of negligence in failing to exercise such control. The conclusion of the jury that there was such negligence is, in our judgment, conclusive in the case. The verdict, under the facts, is obviously not against the manifest weight of the evidence, and will not justify a reversal on the basis of the facts in the case. Similarly, we find no error in the giving of plaintiffs' instructions, or in the refusing of defendant's instructions, nor do we find that the cause of action pleaded in the second amended complaint was barred by the statute of limitations. The specific plea setting up such defense was properly stricken by the court below. As stated by the Illinois Supreme Court in *Graves v. Needham*, 379 Ill. 25, 27, "It is not necessary that the original pleading technically state a cause of action, nor that a cause of action be specifically the same as any cause of action stated in the original pleading." Under section 46 of the Civil Practice Act [Jones Ill. Stats. Ann. 104.046]

amendments may be permitted which add new causes of action and the cause of action set up in an amended pleading is not barred by lapse of time if the one set out in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege performance of some act, or existence of some fact or matter, which was a necessary condition precedent to a right of recovery. Under the facts the amendment was proper and the defense of the statute of limitations was properly stricken (*Metropolitan Trust Co. v. Bowman Dairy Co.*, 369 Ill. 222).

Another defense, which had been stricken by the court below, was to the effect that the plaintiff, Roberta Palmer, had assumed the ordinary risks of the transportation. This was not a proper defense since the doctrine of assumption of risk refers to known risks and danger, and is clearly not applicable to a tortious act which might be committed in the future (*Chicago, R. I. & P. Ry. Co. v. Benson*, 352 Ill. 195; *Chicago Hair & Bristle Co. v. Mueller*, 203 Ill. 558).

We do not believe any useful purpose would be served by discussing the remainder of the specific defenses raised by defendant in his pleading. Similarly, it is unnecessary to discuss at length the contention of the defendant that the minority of the defendant at the time of the accident is a defense on the theory that he had first to make a contract with the driver before he had a right to control him. As indicated in the opinion of the Supreme Court herein referred to, the right and duty of control arises from the possession of the automobile by the defendant present therein while it was driven by another person with his consent. The liability of a minor for his tort, arising from a negligent failure to exercise a right of control which existed in him under the facts as shown in this case, has been clearly established in the previous Supreme Court opinion on the first trial of this case.

Among other things, a contention is made by the defendant that the court erred in refusing to submit an interrogatory which had been presented by defendant. The defendant submitted eight interrogatories, of which six were given. Some of the interrogatories were not proper and could properly have been refused by the court, but were given, and the answers were consistent with the verdict. The interrogatories refused related to the questions, (1) Whether the defendant Miller, at the time of and immediately prior to the collision, had the right to control Dan Park; and (2) Whether the automobile was in the joint possession of and under the joint control of Dan Park and plaintiff, Roberta Palmer. The refusal of such interrogatories by the court below was clearly proper. The right of control was a question of law which had been determined by the Supreme Court in its previous opinion, and there was no evidence of any joint control by plaintiff, Roberta Palmer, and Dan Park.

We must conclude, upon a consideration of the entire record in this case, and of the many points raised by appellant, that we find no basis for reversal. The judgments of the circuit court of Massac county will, therefore, be affirmed.

*Judgments affirmed.*