First Securities Company of Chicago, Appellee, v. Edgar H. Schroeder, Appellant.

Gen. No. 45,899.

Opinion, filed June 23, 1953. Released for publication September 22, 1953.

CLYDE F. DE WITT, and EDGAR H. SCHROEDER, *pro se,* both of Chicago, for appellant.

DALE, LYTTON, HAFFNER & GROW, of Chicago, for appellee; JOHN M. WEJMAN, of Chicago, of counsel.

MR. JUSTICE ROBSON delivered the opinion of the court.

Plaintiff brought suit on a note dated June 6, 1938, executed by the defendant for the principal sum of $900, together with interest and reasonable attorney's fees. The note was payable to the order of defendant and by him endorsed in blank. The trial court entered judgment for the plaintiff and against the defendant for the sum of $1,530.

The record discloses that the note in question at the time of its execution was delivered by the defendant to Enyart, Van Camp & Feil, Inc.; that said corporation thereafter changed its name to Enyart, Van Camp & Co., Inc.; that it was merged with the plaintiff about June 1, 1948. John Burke, cashier of Enyart, Van Camp & Feil, Inc., delivered the securities of the company, among which was included the note in question to the plaintiff at its office on June 1, 1948. Suit was filed on June 7, 1948.

 Defendant contends that the trial court erred in entering judgment because plaintiff did not prove that it had title to the note at the time of the institution of the suit. He bases this contenion on the fact that there is nothing in the record to evidence a transfer or assignment of the note to the plaintiff other than the delivery of the securities. Defendant did not deny the execution of the note nor the original consideration and delivery, nor the fact that the note was unpaid. These allegations, therefore, stood admitted. The note was admitted in evidence without

175

objection on the part of the defendant. The rule is that possession of bearer paper is prima facie evidence of title to it and sufficient to entitle the plaintiff to sue on the instrument. *Joslyn v. Joslyn,* 386 Ill. 387; *Schmoldt v. Chicago Stone Setting Co.,* 309 Ill. App. 377; *Henderson v. Davisson,* 157 Ill. 379. Defendant introduced no evidence to overcome this prima facie case.

■ Section 53 of the Negotiable Instruments Law, Ill. Rev. Stat. 1951 [ch. 98, § 73; Jones Ill. Stats. Ann. 89.073], which provides that where an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course. This section of the statute is not applicable because defendant failed to object to the admission of the note and plaintiff having proven the facts as heretofore stated and no defense being made by the defendant on the merits, he cannot now deny plaintiff's right to sue.

Defendant further contends that the suit was barred by the statute of limitations. Defendant does not deny that the suit was filed in time, but bases his contention on two facts: first, that the second amended statement of claim filed on June 28, 1951, was not an amendment to any previous pleading, but an entirely independent pleading asserting plaintiff's rights as the assignee, and second, that on December 7, 1951, approximately thirteen and one-half years after the note was due, the second amended statement of claim was amended on its face, showing the abandonment of its claim as an assignee. Defendant contends that there is a recognized distinction between (a) those actions created by statute and unknown to the common law in which the very existence of the cause of action comes to an end unless suit is filed within a prescribed period of time, and (b) common-law actions in which the ex-

176

istence of the cause of action is not affected by the passing of any prescribed period of time but to which the defendant, at his election, may plead the statute of limitations in bar.

█ In examining defendant's cases cited to sustain his interpretation, we do not find any that support his distinction. None of the cases cited discuss section 46 (2) of the Civil Practice Act of Illinois Revised Statute 1951, ch. 110, sec. 170 (2) [Jones Ill. Stats. Ann. 104.046, subd. (2)]. Defendant's analysis that this section does not apply to common-law actions is untenable. It has been held that under this section an amended complaint on a promissory note relates back to the date of the filing of the original complaint for the purpose of preserving the cause of action against the running of the ten-year statute of limitations. *Weiland v. Weiland,* 297 Ill. App. 239, 245–46. This same section has been held to apply to an action for property damages. *Wanless v. Peabody Coal Co.,* 294 Ill. App. 401. Actions for personal injuries caused by the maintenance of a common-law nuisance are within the scope of this section. *Menolascino v. Superior Felt & Bedding Co.,* 313 Ill. App. 557, 568; as are actions for personal injuries growing out of an automobile collision. *Palmer v. Miller,* 323 Ill. App. 528. Likewise it applies to an action on a contract. *Aubry v. Supreme Liberty Life Ins. Co.,* 332 Ill. App. 656.

█ In the leading case of *Metropolitan Trust Co. v. Bowman Dairy Co.,* 369 Ill. 222, the court discusses at length the changes brought about by section 46 (2) over the similar prior sections of the old Practice Act. The cause of action in the case arose under the Injuries Act, Ill. Rev. Stat. 1951, ch. 70, a statutory type action. Yet the court formulated its construction of section 46 (2) in broad and general terms. The

177

court said on page 229 of its decision that the only difference between section 46 (2) and the former section 39 of the old Practice Act, Ill. Rev. Stat. 1929, ch. 110, sec. 39 (hereinafter for convenience referred to as "former section 39"), is that former section 39: "required that the cause of action set up in the amendment not only grew out of the same transaction or occurrence, but that it must be substantially the same as set up in the original pleading. The requirement for substantial identity was omitted from paragraph 2 of section 46."

██ If the only change brought about by section 46 (2) over the former section 39 was the omission of the requirement of substantial identity, it cannot be seriously contended that by such a change the legislature showed an intention to exclude common-law actions from the operation of section 46 (2) when it enacted the latter section. If such an exclusion exists, it must have already been present in former section 39 since the two sections are basically identical except for the requirement of substantial identity. To find a legislative intent to exclude common-law actions we must look to the state of the law at the time former section 39 was enacted and not, as defendant suggests in Point II–B of his brief, to the law at the time section 46 (2) was enacted.

██ The court in *Metropolitan Trust Co. v. Bowman Dairy Co.*, 369 Ill. 222, explained on page 226 of its decision, what the legislative intent was in enacting former section 39:

"The addition of the second paragraph to section 39 in 1929 manifested a legislative intent to liberalize the practice so as to preserve rights of action which might theretofore have been lost by omissions or errors in pleading."

Practice prior to former section 39 had always permitted the relation back of amended pleadings to the original pleading although, of course, subject to serious restrictions. Such relation back had been held applicable to common-law actions, *Swift & Co. v. Madden*, 165 Ill. 41, 45, a suit for personal injuries; as well as to statutory type actions such as suits for wrongful death, *Carlin v. City of Chicago*, 262 Ill. 564, 572. As indicated in the quotation above, it was the purpose of former section 39 to liberalize the former practice of the relation back of amended pleadings. Former section 39 itself was applied to common-law actions. *Willett v. Baltimore & O. S. W. R. Co.*, 284 Ill. App. 307, 314–15.

We conclude that the cause of action is not barred by the statute of limitations. The judgment of the trial court is affirmed.

*Judgment affirmed.*

SCHWARTZ, P. J. and TUOHY, J., concur.