ANNIE LASKY v. DORA RUDMAN, Appellant.—85 S. W. (2d) 501.

Division One, July 30, 1935.

*S. P. McChesney* for appellant.

*Eagleton, Waechter, Yost, Elam & Clark* for respondent.

FRANK, J.—Action to recover damages for personal injuries alleged to have been sustained by plaintiff on March 15, 1930, while a tenant of defendant, when a porch railing gave way and precipitated her from a second floor porch to the ground below. The verdict of the jury was for defendant. The court granted plaintiff a new trial and entered of record his reason for so doing, as follows:

"The court, at the instance and request of the defendant and over

the objection and exception of the plaintiff, erred in giving and reading to the jury erroneous and improper instructions.''

Defendant appealed from the order granting a new trial.

Plaintiff's cause of action is alleged in the following language:

''Plaintiff by leave of Court files this, her amended petition, and states that defendant at all times herein mentioned owned and controlled the premises known as No. 1257 Euclid avenue, in the City of St. Louis, Missouri; that on or about the 15th day of March, 1930, plaintiff was a tenant of defendant on the aforesaid premises; that about two weeks prior to the aforesaid date defendant, through her agent and servant, did undertake to repair the rear porch of said premises, which said porch and its various supports, parts and railings were old, weak and worn; that defendant, her agent and servant, in making said repairs did so in such a negligent and careless manner and method that the aforesaid conditions were not remedied and said porch, and its various supports, parts and railings became and were insecure and not sufficiently nailed, fastened or attached and were unsafe and dangerous and not reasonably safe. And plaintiff states that as a tenant of defendant she was assured by defendant, her agent and servant, that the aforesaid repairs were properly made; that while plaintiff was upon said porch one of the railings thereof pulled away, causing plaintiff to fall from said porch; all of which was caused by the negligence and carelessness of the defendant as aforesaid.

''Plaintiff further states that as a direct and proximate result of the aforesaid negligence and carelessness of the defendant she was seriously and permanently injured.''

The character and extent of plaintiff's alleged injuries are not material to a determination of this appeal, hence we omit that part of the petition. Defendant's answer was a general denial. Plaintiff offered evidence tending to support the allegations of her petition. Defendant offered evidence tending to show that she did not undertake to repair and did not make any repairs on the porch railing in question. It is conceded that plaintiff was a month to month tenant of defendant and that she and her family occupied and was in control of the premises and porch in question. It is also conceded that defendant was not bound under contract or covenant to keep the premises and porch in repair. ■ The law is too well settled to admit of discussion that where, as here, the landlord is not bound by agreement to keep the leased premises in repair, he owes no duty to make ordinary repairs to the demised premises, and is not liable in damages for personal injuries sustained on the premises, by reason of the defective condition thereof, by the tenant or others on or occupying the premises. [Gray v. Pearline, 328 Mo. 1192, 1197, 43 S. W. (2d) 802.] But if a landlord who is not under contract to

keep the demised premises in repair, voluntarily assumes to repair such premises and does so negligently, he is liable in damages for all injuries resulting from such negligence. [Vollrath v. Stevens, 199 Mo. App. 5, 202 S. W. 283, 286; Bloecher v. Duerbeck, 333 Mo. 359, 369, 62 S. W. (2d) 553.]

It is conceded in this case that defendant was not under contract to keep the demised premises in repair. Whether or not she voluntarily assumed to repair the porch railing and did it in a negligent manner was, under the evidence, a question of fact to be determined by the jury. The only question presented here is whether or not the trial court erred in granting a new trial on the ground that error was committed in giving erroneous instructions at the request of defendant. The instructions in controversy are defendant's instructions 4, 5, and 6. They read as follows:

"Number 4.

"The Court instructs the jury, that if you find and believe from the evidence that on a Sunday afternoon, at the instance of plaintiff's daughter, a specific repair of the porch was requested of Mrs. Rudman, which was to fix the ceiling, or rafter, boards of said porch, then you are further instructed that in assenting to this request, Mrs. Rudman, the defendant herein, did not obligate herself to repair the whole porch, or any other parts of the porch, but only the part specified by Mrs. Lasky's daughter at the time said request was made, and if you further find that Mrs. Lasky's daughter did not request that any other part of the porch be repaired, other than the ceiling boards, and that no other part of the porch was repaired, then plaintiff cannot recover and your verdict must be for the defendant.

"Number 5.

"The Court instructs the jury that if you find and believe from the evidence that the porch rail mentioned in the evidence pulled away by reason of the natural wear and tear, and not by reason of any negligent repairs made to said railing, then plaintiff cannot recover, and your verdict must be for the defendant.

"Number 6.

"The Court instructs the jury, that if you find and believe from the evidence that the porch in question was used exclusively by the plaintiff and her family, and not used in common with any other persons in the building, then you are instructed that said porch was under the control of the plaintiff and her family, and that the defendant was under no obligations to make repairs, in the absence of an agreement to do so, and could not enter upon said porch without the consent or permission of the plaintiff or her family, and in this connection you are further instructed that if you find and believe from the evidence that no repairs were made to the porch

railings mentioned in the evidence, shortly prior to the accident, then plaintiff cannot recover and your verdict must be for the defendant."

■ Defendant not being under contract to repair the demised premises, was not liable to plaintiff for injuries sustained because of the defective condition of the porch unless she undertook to repair the porch railing and did it in a negligent manner. Instructions 4 and 6 both required the jury to find that no repairs were made to the porch railings before a verdict for defendant was authorized. It is true that both instructions required other unnecessary findings but they are not such as could or would have misled the jury and for that reason neither of these instructions were prejudicially erroneous.

■ Instruction No. 5 submits that if the porch rail fell by reason of the natural wear and tear and not by reason of any *negligent repairs made to said railing*, then plaintiff could not recover. The effect of this instruction is to tell the jury that although negligent repairs were made on the railing, yet, if it fell by reason of natural wear and tear and not by reason of such repairs, plaintiff could not recover. At least the instruction is reasonably susceptible to such a construction. There is no dispute about the fact that the railing fell. The evidence favorable to plaintiff tended to show that the ends of the railing were decayed and rotten, and that defendant attempted to repair same. If defendant did attempt to repair the railing, it was her duty to exercise reasonable care to discover and repair the decayed and rotten condition of the railing so as to make it reasonably safe. The rule in that regard is well stated in Vollrath v. Stevens, 199 Mo. App. 5, 12, 202 S. W. 283, 286, as follows:

". . . However, when defendant voluntarily assumed to repair the defective premises she took upon herself the burden to use ordinary care to repair the premises so that they would last for a reasonable length of time, and in discharging this duty to repair, if she failed to remove rotten boards, floors, supports, and other material that should have been removed to make the place reasonably safe, she was guilty of misfeasance, and not nonfeasance. [Finer v. Nichols, supra, 175 Mo. App. 1. c. 538, 157 S. W. 1023.]"

Instructions are given to guide lay jurors to the proper solution of a case. Of course, the defective condition of the railing caused it to fall, but if defendant assumed to repair the railing but negligently failed to exercise ordinary care to discover and repair the defective condition, she would be liable for all damages proximately resulting from such failure. The evidence favorable to plaintiff authorized such a finding, and for that reason the jury should have been so instructed. It was, therefore, improper and misleading to give an instruction which was calculated to cause a lay jury to be-

lieve that although it found that defendant assumed to repair the railing, but negligently failed to discover and repair the alleged defect, yet, if it further found that natural wear and tear of the railing and not the negligent repair thereof caused it to fall, plaintiff could not recover.

The error in defendant's Instruction No. 5 warranted the court in granting a new trial. Its action in so doing should be affirmed. It is so ordered. All concur.