## HUFFMAN v. HOME OWNERS' LOAN CORPORATION.

### No. 187.

District Court, W. D. Missouri, W. D.

May 10, 1941.

Henry Depping and Price Wickersham, both of Kansas City, Mo., for plaintiff.

Charles M. Miller, of Kansas City, Mo., for defendant.

REEVES, District Judge.

Plaintiff claims damages for an alleged tort. On January 27, 1939 she suffered a fall on a basement stairway of residence property owned by the defendant and described as 3611 St. John Avenue, Kansas City, Missouri.

The negligence of the defendant, as alleged and stated by her, was substantially as follows: The defendant, being the owner of said property, in July, 1938 entered into a rental agreement with one George H. Sweeney. In such agreement the defendant contracted to expend a considerable sum of money by way of repairs to said property, for the purpose of making it reasonably safe for occupancy. Pursuant thereto it caused inspections to be made of said property, including the basement stairway. The purpose of said inspections was to ascertain what repairs should be made in order to put said property in a safe condition for occupancy as agreed upon. Following this, repairs were made and the said Sweeney with his family moved into and occupied said premises about September 1, 1938.

Plaintiff was employed by Mrs. Sweeney as a beauty operator. Such business was carried on in a room on the lower or

ground floor of said residence. On the date of the injury plaintiff was engaged in her occupation and went to the basement for material to be used in connection with the treatment of a customer. Such material was a liquid in a one-gallon container resting on a ledge of the basement approximately halfway down the basement stairway. Plaintiff undertook to pour part of the liquid into a small bottle and while so doing stood with her left foot on the third tread from the top of said stairway and her right foot on the fourth tread. While in that position, as she contends, the forward part of the fourth tread tilted downward at the point where it overhung the horse or support and she was precipitated to a small landing at the foot of the stairway in such way that her right shoulder was severely injured and her face seriously cut by the broken glass container she had been holding in her hand. Her injuries were quite severe and permanent.

Witness George H. Sweeney was in the dining room at the time. He heard plaintiff scream and at the same time heard the crash of her fall and immediately went to her aid. As he passed down the stairway he observed that the forward part of the fourth tread was titled downward and was himself imperiled thereby as he went down the steps.

On the next day photographs were made of the step which the said witness identified as illustrative of the precise position observed by him immediately after plaintiff's fall. The tread was produced in court and offered as an exhibit. It was two inches thick and approximately twelve inches wide. It was split from one end to the other by a season or weather crack and the two parts were entirely separated from each other, save by juxtaposition, and had been for a long time. The evidence was that the tread was insecurely attached or nailed to the horse or support on which it rested. Furthermore the evidence was that the overhang forward of the horses was one and one-half inches.

At the time plaintiff fell her right foot was near the outer edge of the tread and parallel therewith. She was in that position when the tread tilted and she was precipitated to the base landing.

The crack in the tread was discernable and witnesses for the plaintiff testified that a reasonable inspection would have disclosed its infirmity and its danger and hazard. According to all the testimony the steps appeared safe. There was but slight controversy, if any, on the facts.

Other facts may be stated if pertinent in the course of this memorandum opinion.

1. It is contended by the defendant that, being a government agency, it is not liable to be sued.

The Act of the Congress creating the defendant, being Section 1463, Title 12 U.S.C.A. provides: "The Board [meaning Federal Home Loan Bank Board] is hereby authorized and directed to create a corporation to be known as the Home Owners' Loan Corporation, which shall be an instrumentality of the United States, which shall have authority to sue and to be sued in any court of competent jurisdiction * * *."

In the case of Prato v. Home Owners' Loan Corporation, 1 Cir., 106 F.2d 128, it was held that the defendant was not only liable to be sued, but that it could be sued for a tort, as in this case. In this ruling the court followed an analogous decision of the Supreme Court in Keifer & Keifer v. Reconstruction Finance Corporation and Regional Agricultural Credit Corporation, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784.

2. The principal contention urged at the trial and in the briefs is that neither the plaintiff's petition nor her proofs show negligence on the part of the defendant.

A pertinent averment of plaintiff's petition in relation to negligence is that "(a) In that in the said performance of repairs upon said stairs by defendant, defendant negligently failed to repair said tread, remedy said defective and dangerous condition of said tread and make said tread reasonably secure."

To this averment plaintiff has requested leave to add the following amendment, and such request is granted: "Although defendant knew or by the exercise of ordinary care could and should have known of said defective and dangerous condition of said tread."

The defendant rented or leased the property upon an agreement and an understanding that it would put the premises in a safe condition for occupancy. It attempted to do this. One of its inspectors was an experienced carpenter, having followed that trade for many years. He

undertook to examine the premises and by such examination to ascertain what repairs should be made to meet the contractual obligations of the defendant with the witness Sweeney. He examined the stairway in question. As a factual expert he could see things not observable by the inexperienced or lay person. The crack running the full length of the fourth tread was plainly observable. By reason of his experience, observation and study as a mechanic, the danger was plain, obvious and glaring to him. It became his duty to follow up this obvious challenge to his attention by investigating the safety of this broken tread. Such inspection would have revealed that it was precariously attached to the horse or support underneath and that it would be perilous and hazardous to those who might use it. He did not do this. He pointed out other necessary repairs, and they were made. The contractor undertook to make only such repairs as were listed by the defendant and the defendant listed only such repairs as its inspectors had pointed out.

■ These facts bring the case within the rule announced in Lasky v. Rudman, 337 Mo. 555, loc. cit. 560, 85 S.W.2d 501, loc. cit. 503, where the court said: "If defendant did attempt to repair the railing, it was her duty to exercise reasonable care to discover and repair the decayed and rotten condition of the railing so as to make it reasonably safe."

The court then quoted approvingly from the case of Vollrath v. Stevens, 199 Mo. App. 5, 12, 202 S.W. 283, as follows: " ' * * * However, when defendant voluntarily assumed to repair the defective premises she took upon herself the burden to use ordinary care to repair the premises so that they would last for a reasonable length of time, and in discharging this duty to repair, if she failed to remove rotten boards, floors, supports, and other material that should have been removed to make the place reasonably safe, she was guilty of misfeasance, and not nonfeasance.' "

A similar view was expressed by the Supreme Court in Shaw v. Butterworth, 327 Mo. 622, 38 S.W.2d 57.

The case of Davis v. Cities Service Oil Co., Mo.App., 131 S.W.2d 865, loc. cit. 868, relied on by defendant, does not present a contrary doctrine. In that case the St. Louis Court of Appeals affirmed the trial court in sustaining demurrers to the petition. There was not a single act of negligence charged against the defendant. It was alleged that an automobile lift or hoist was defective and dangerous, a fact well known, and that the defendant had endeavored to repair it. The averments of the petition were that such repairs were unavailing and that the hoist or lift was permitted to remain in its former dangerous condition. The court failed to find that the lessor was negligent in making the repairs by any act of misfeasance.

■ This case is different. The inspector was, according to the preponderance of the evidence, grossly negligent in his inspection and by reason thereof a pitfall was set for the unsuspecting occupants of defendant's property.

3. The next question presented is the amount of damages which may be properly awarded to plaintiff for her injuries. According to the undisputed testimony plaintiff was seriously cut about the face and by reason thereof her face is permanently scarred and disfigured. She suffers an impairment of one of her eyes because of a cut to the eyeball. She was rendered unconscious and was confined in a hospital for several weeks. A blood transfusion was necessary to save her life. Her right shoulder is permanently injured. She is now unable to follow her business as a beauty operator. Since her injury she has been incapacitated for any kind of work. Her medical expenses aggregated more than a thousand dollars. She is now considerably past middle age. Whether she will be able to adjust herself to some other gainful occupation is a serious question under this evidence. On that matter, however, she should endeavor to do so.

■ After considering her loss of earning capacity, her pain and suffering, the permanent disfigurement of her face, she should be compensated in the sum of $20,000, which seems reasonable in view of all the facts. She has not sought exemplary damages. The facts of the case would probably have justified a claim of that kind for the reason that there was a near-recklessness, if not a total one, in the manner in which the inspection of this property was made.

The issues should be and are found for the plaintiff, and she should be and is awarded damages in the sum herein specified.