### HUFFMAN v. HOME OWNERS' LOAN CORPORATION.

#### No. 187.

District Court, W. D. Missouri, W. D.

Jan. 8, 1944.

Price Wickersham and Wyman Wickersham, both of Kansas City, Mo., for plaintiff.

Charles M. Miller, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The question for decision now is whether the court in the exercise of sound discretion should require the plaintiff to give bond for costs, or, in lieu thereof, stay proceedings until costs already accrued have been paid.

The case was originally filed early in the year 1939. Shortly thereafter and upon motion of the defendant to require the plaintiff to give security for costs an application to sue in forma pauperis was filed. Both of these motions were overruled. An inspection of the complaint at the time indicated that the plaintiff had suffered serious injuries and the court being advised that she was unable to pay the costs of litigation it seemed proper to permit her to sue without bond. However, both motions were overruled at the time. This action was taken, not because there was any question as to the truth of the affidvait filed by the plaintiff, but to the end that the litigation might go forward without requiring the plaintiff to sue in forma pauperis. The case was tried without a jury and damages were awarded to the plaintiff. D.C., 39 F.Supp. 139.

Upon appeal the judgment was reversed and the case remanded for a new trial. 8 Cir., 124 F.2d 684. Thereafter the plaintiff sought to dismiss her action and leave was granted. However, such leave was "without terms" and upon appeal this action of the court was reversed. 8 Cir., 134 F.2d 314. The case now pends for trial in this court. The problem now is whether, in view of the records of the case, the plaintiff should be required to pay the costs, which are considerable, before further proceedings are entertained in the cause.

Industrious counsel have presented many phases of the case on both sides which argue strongly both for and against said motions.

1. All are in agreement that it is largely within the sound discretion of the court as to what action should be taken on motions of this kind. It is the rule, of course, that the court is bound to exercise a sound discretion in that regard. The authorities would appear to indicate that initially it is the right of a defendant to ask for security for costs. This was seasonably done in this case. The application was denied and probably the same reasons for the action then taken would apply now, save only that able counsel for the defendant expresses the belief that the law as declared by the Court of Appeals would warrant favorable action on its motion. That question will be later discussed. All other things being equal, the court having once passed on the question, it should be left without further action unless of course special and unusual matters have arisen so as to make it proper to set aside the former ruling.

2. The evidence was undisputed that the plaintiff suffered severe and lasting injuries. It was not seriously contended that she was at fault for the reason that obviously she had a right to stand on the stairway in the position described by her in her testimony and she was justified in placing reliance upon the stability and firmness of the tread which gave way and precipitated her to the base of the basement stairway. She being without fault and having suffered disabling injuries, it would appear that if there were any question of a cause of action in her favor these motions ought to be ruled in her favor.

**3.** The books do not show that a procedure now being followed by the defendant has been approved by the courts save only in those cases where the original action had been terminated and a new action had been filed. Even in those cases the right to stay rested largely in the discretion of the court. For a stronger reason, this being a continuation of the original cause, it does not seem proper in the absence of other controlling matters to interfere with the ruling heretofore made. The same rule would apply with respect to a series of appeals. Only one appeal has been made on the merits of the case. In the event of a second appeal such motion may or may not be justified although again it would rest in the sound discretion of the court whether the cost should be paid or a bond should be required.

4. The opinion of the Court of Appeals should be considered on these motions. The Court of Appeals in its decision relied largely on the case of Davis v. Cities Service Oil Co. et al., Mo.App., 131 S.W.2d 865. Very recently this case was overruled insofar as it was made applicable by the Court of Appeals in this case. The Supreme Court of Missouri overruled the opinion in Bartlett v. Taylor, 174 S.W.2d 844, loc. cit. 849. The Supreme Court announced the identical principle applied at the trial of this case. The court quoted approvingly in Bartlett's case: " 'His case is made out when it appears that by reason of such negligence what was wrong is still wrong, though prudence would have made it right.' "

This was a quotation from Marks v. Nambil Realty Co., 245 N.Y. 256, 157 N.E. 129. In that case the revered Mr. Justice Cardozo, who was at that time one of the New York Appellate Judges, prepared the opinion.

The Supreme Court of Missouri then reached its conclusion and said: "It is our view that the requirement of the Restatement of the Law of Torts that the repairs must 'make the land more dangerous for use' and its appended comment to that effect should not be adopted or followed. It necessarily follows that in so far as the Logsdon and Davis cases adopt that rule they are and should be overruled."

5. An inspection of the files indicates that the case as tried here was determined upon a somewhat different theory in the Court of Appeals. The case as tried here was in precise accordance with the rule announced in Bartlett v. Taylor, supra.

The tenant (lessee) testified without equivocation that the defendant had contracted with him to put the entire premises in a safe and habitable condition and that in reliance upon that agreement he became a tenant of the property. While it was true that the defendant, through its agent, showed the tenant some particular repairs that it intended to make, this was not conclusive and was not intended to be conclusive upon the tenant as to what repairs were in fact to be made. It was the agreement that the defendant would inspect the premises and make all the repairs necessary to make the premises safe. It was the evidence that a reasonable inspection would have disclosed the obvious weakness of the fourth tread of the stairway from the bottom. It was not patent to an unskilled person but should have been obvious to a qualified inspector.

Findings of fact were made with respect to those matters but the Court of Appeals did not consider such findings. In its opinion, it said [124 F.2d 688]: "But if, for the sake of argument, it be assumed that the defendant might be held for any failure to exercise ordinary care in the repair of the entire stairway, we do not believe there is substantial evidence to sustain the judgment."

Findings of fact were made by the trial court, that there was substantial testimony on that identical question. The Court of Appeals did not point out wherein the testimony failed but merely expressed the opinion without comment that the fact was not sustained. Rule 52 of the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, particularly provides that: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

Such a rule is predicated of course upon the 7th Amendment to the Constitution of the United States. This amendment preserves the right of trial by jury and then provides as follows: " * * * and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of common law."

It should be noted that in the Bartlett case, supra, recovery was permitted not-

withstanding the fact that the plaintiff was experienced in carpentry and therefore somewhat familiar with the identical matters which occasioned his injury.

In view of the law as has been recently announced by the Supreme Court of Missouri the trial court should be given some latitude with respect to the retrial of a case on the question whether the law as announced in the Court of Appeals becomes the law of the case. The appellate courts are bound, under the famous case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, to follow local decisions. A local decision has overruled the decision followed by the Court of Appeals and applied in this case.

In view of all of the above, it would seem that a sound discretion would permit the plaintiff to proceed with her litigation until at least another trial has been had. Accordingly the motions above mentioned will be overruled and it will be so ordered.