## HUFFMAN v. HOME OWNERS' LOAN CORPORATION.

No. 187.

District Court, W. D. Missouri, W. D.

June 7, 1944.

See also, D.C., 53 F.Supp. 392.

454

Price Wickersham, of Kansas City, Mo., for plaintiff.

Charles Miller, of Kansas City, Mo., for defendant.

OTIS, District Judge.

At an earlier time this case was tried before our colleague, Judge REEVES. Judge REEVES gave judgment for plaintiff (neither party had demanded a jury trial) and fixed her damages at $20,000. Defendant appealed. The Circuit Court of Appeals reversed the judgment and remanded the case for a new trial. Home Owners Loan Corporation v. Huffman, 8 Cir., 124 F.2d 684. Feeling that his views of the law are right (as his letter in the file indicates), Judge REEVES asked us to preside at the second trial. We acceded to his request as we gladly accede to every request of any of our associates.

The case, briefly described, is this: One Sweeney rented a residence from HOLC. HOLC agreed with Sweeney that it would make certain repairs that the house might be habitable. Among other repairs certain repairs of the bottom landing of the basement stairway were to be made. They were made. The plaintiff was an employee of Sweeney and resided in his house. She was standing on the basement stairway when the fourth tread from the top (the treads had not been repaired) tilted and she fell. She was injured and has brought this tort action against the landlord.

Now the case has been tried a second time, tried with conspicuous ability by outstanding counsel. It must once more be dceided. The law must be applied to the facts, when the facts have been determined. Findings of Fact presently will be made. Before that is done, however, we shall consider what is the applicable law. We are constrained to reverse the usual procedure (finding facts, thereafter applying law) because the law of the case—if the facts are the same on the present record as when the case was in the appellate court—has been declared by the Court of Appeals. The law of the case must be accepted by us. And we accept it, not grudgingly, but cheerfully; not in letter only, but in spirit also; not as one who is driven against his will, but as one upon whom a great light has broken, so that the scales have fallen from his eyes. What has been declared in this very case by the Court of Appeals to be the law *is* the law of the case, subject to an exception we shall consider hereafter.

We shall consider that the present record and the earlier record essentially are the same as to the facts. (It would be strange if they should greatly differ. The parties are the same. The events involved are identical. The witnesses appear to be the same. The same attorney represents defendant as before and one of the attorneys for plaintiff now was an attorney for plaintiff at the other trial.) Indeed there was no contention at the oral argument that the facts in the present record differ from the facts shown by the former record.

What were considered as the material facts by the appellate court its opinion makes clear. It is pointed out—(1) that the petition alleges and the answer admits that the dwelling in which plaintiff was injured had been rented by defendant to Sweeney; (2) the defendant did not construct the dwelling, but acquired it through foreclosure; (3) when acquired the dwelling was in need of substantial repairs to place it in habitable condition; (4) defendant had the building inspected by a competent individual who made a report specifying repairs which should be made; (5) these specifications were shown to Sweeney during the negotiations which resulted in the lease; (6) the specifications made no mention of repairs to the basement stairway except "to the landing on the basement stairs:" (7) the repairs specified were made and without negligence; (8) the defendant did not repair the fourth tread or the horses underneath; (9) defendant disclosed to Sweeney that as far as the stairway was concerned, it proposed to repair only the landing at the foot of the stairway; (10) Sweeney knew that defendant did not propose to make any repair of the fourth tread and did not undertake to make any repair of that tread. (Other facts were mentioned in the opinion but they are not material to the legal theory on which the Court of Appeals primarily bottomed its judgment.)

With such facts the Court of Appeals declared the Missouri law to be that plaintiff cannot recover from the landlord in a tort action such as this action is. The Missouri law was stated thus: "if he [the landlord] undertakes to repair he is required to exercise ordinary care in making such repairs and is liable for injuries caused by his negligence or unskillfulness in making them." Since the only undertaking of defendant (not what the defendant may have contemplated undertaking.

or agreed to undertake, or should have undertaken, but actually initiated in fact) was to repair the landing of the basement stairway, not the fourth tread of the stairway, the Court of Appeals held plaintiff could not recover by reason of what the condition of the fourth tread brought about. The court cited numerous Missouri cases.

Learned counsel for plaintiff earnestly urge upon us that the Court of Appeals erred in its declaration of Missouri law. They say we should not "slavishly" (the word is counsel's) follow the Court of Appeals. They say we should do "justice," even if we must ignore the law of the case. They say that the Court of Appeals would reverse itself if it believed an earlier decision erroneous and that we should be equally courageous. (The situations seem to us somewhat dissimilar.) Counsel urge upon us that our colleague, who tried this case before, and who is indeed an outstanding Missouri lawyer and jurist, understood Missouri law differently than the Court of Appeals understood it, agreeing with plaintiff's counsel; that he wrote an opinion in this case (on a motion to stay proceedings) after the mandate came down, indicating that he still differs from the Court of Appeals. (For the benefit of any reviewing court we direct that that unpublished excellent opinion be made a part of the record.)

■ We shall not say, however, that the Court of Appeals was wrong. We would do justice but not as *we* conceive it. We would do justice *under law,* which means inter alia that we must obey the law of the case. If the Court of Appeals desires to reverse itself, it has our consent. We might believe that Judge Reeves was right, and is right, but we have our orders and we obey them. Ita scripta est.

■ We agree at once with plaintiff's counsel that what the Court of Appeals declared to be the law of the case is not the law of the case if, after the decision of the Court of Appeals, the Supreme Court of Missouri clearly overruled some erlier decision of Missouri courts upon which earlier decision, in the very feature of it overruled, the Court of Appeals based its declaration as to what is Missouri law, and if, in the later case, the Supreme Court announced a different and inconsistent rule. Learned counsel for plaintiff urge upon us that exactly that has happened. They go further to say that the Court of Appeals wrongly interpreted Missouri law as of the time of that court's decision.

It is not for us to say—and we shall not say it—that the Court of Appeals was wrong as to do what *was* Missouri law (although our best judgment is that it was not wrong). Our inquiry will be restricted to the question: Has what the Court of Appeals said was Missouri law *subsequently* been abandoned by the Supreme Court of Missouri? What the Court of Appeals said in its decision of January 13, 1942, was Missouri law we have set out. The later case relied on by plaintiff is Bartlett v. Taylor, 351 Mo. 1060, 174 S.W.2d 844, decided November 1, 1943.

In the Bartlett case the Supreme Court did overrule *in one respect* a rule which had been declared in Davis v. City Service Oil Co., Mo.App., 131 S.W.2d 865, and in Logsdon v. Central Development Ass'n 233 Mo.App. 499, 123 S.W.2d 631. These cases, and others, had been cited by the Court of Appeals in the present case. But those cases had not been cited for that part of their holdings which later was overruled. The only respect in which they were overruled was in that they held that a landlord would be liable to his tenant *only* if by his repairs he made the premises "more dangerous for use" than they were before. The Supreme Court said the true rule was that formulated by Chief Judge Cardozo in Marks v. Nambil Realty Co., 245 N.Y. 256, 157 N.E. 129, 130 as follows: "The tenant does not have to prove that by the negligent making of the repairs what was wrong has been made worse. His case is made out when it appears that by reason of such negligence what was wrong is still wrong, though prudence would have made it right." But Judge Cardozo's formulation, adopted by the Supreme Court of Missouri, differs in no respect from the Court of Appeals' formulation of the Missouri rule. *The rule declared by the Court of Appeals has not been overruled by the Supreme Court of Missouri.*

■ It seems to us that plaintiff's learned counsel are contending for a rule no Missouri decision ever has supported. The true rule is that if the landlord undertakes to repair a given floor he is liable for negligence in repairing it, e.g., by leaving "what was wrong" in that floor "still wrong". Are not counsel in effect really urging that if the landlord undertakes to repair the kitchen floor, he is liable for not repairing the attic floor; if he undertakes

to repair the bottom landing of a stairway, he is liable for not repairing the upper landing; if he undertakes to repair the landing he is liable for not repairing the fourth tread? If we have done counsel an injustice we tender apology.

█ It seems also to us that plaintiff's counsel has given a mistaken meaning to the word "undertakes" in the Missouri rule, that if the landlord undertakes ["does undertake"] to make repairs, "he must exercise reasonable care in doing so and is liable to his tenant for injuries caused by his negligence or unskillfulness in making the repairs or in leaving the premises in an unsafe condition." (The quotation is from Bartlett v. Taylor, supra [351 Mo. 1060, 174 S.W.2d 848].) Our understanding of the word "undertakes" as used in this rule (and such was the understanding of the Court of Appeals, which also used that word in stating the Missouri rule) is that one "undertakes" to make repairs when he "enters upon" (the dictionary meaning) the making of the repairs. The landlord may have *agreed* to make the premises habitable and may do nothing. He has not "undertaken" to repair the premises. He may *agree* to make the basement stairway safe and may do nothing. He has not "undertaken" to repair the stairway. If he does repair the lower landing of the stairway, he has "undertaken" to repair it. It does not follow he has "undertaken" to repair the whole stairway. He may have taken out one rotten board in the landing and left another rotten board (which he did not touch). The rotten board which was untouched ("what was wrong is still wrong," to use Judge Cardozo's phrase) may have caused an injury. The landlord is liable for the landlord has "undertaken" to repair the landing. But the landing is one unit, the basement stairway is a different unit (and the attic stairway is still another unit). The "undertaking" to repair the landing is not an "undertaking" to repair the whole basement stairway (or the attic stairway). The phrase, "or in leaving the premises in an unsafe condition." as used in the statement of the Missouri rule in the Bartlett case, refers, of course, only to that part of the premises which the landlord has "undertaken" to repair.

## Findings of Fact

First of all we make the ten Findings of Fact set out in the fifth paragraph of this memorandum as the findings gathered by the Court of Appeals from the earlier—and substantially the same—record. We do not encumber the memorandum by repetition. Let it be understood clearly, however, that those findings are now made and on the present record. Each is not only supported by the evidence but also each is proved by the greater weight of the evidence.

To these ten findings we add others (our thought is to make the findings complete) as follows:

"11. Plaintiff's injuries were not caused nor contributed to by any negligence or want of ordinary care on her part.

"12. Plaintiff was caused to fall by the sudden tipping of the fourth tread of the basement stairway as she was standing on that (and on the third) tread. The tread was caused to tip because it was (and long had been) longitudinally split into two parts; because plaintiff's weight was placed on the outer edge of the outer half (approximately) of the tread; because the tread had—by reason of the split and of the fact that the end of it nearest which was plaintiff's foot was held to the underlying horse by a single—and somewhat loosened-nail—a freedom of movement up and down about the fulcrum made by the connection of nail and horse. By reason of these matters the fourth tread was not safe.

"13. Any reasonable inspection of the stairway by a skillful artisan would have disclosed the longitudinal split in the fourth tread and would have put him on inquiry concerning its safety. Any reasonably careful investigation would have disclosed that the fourth tread was not reasonably safe."

## Conclusions of Law

█ 1. The landlord is not liable in tort to his tenant (or the tenant's employee or a member of his household) for any breach of contract to repair.

█ 2. If the landlord undertakes to make repairs he must exercise reasonable care in doing so and is liable to his tenant (or his employee or a member of his household) for injuries caused by his negligence or unskillfulness in making repairs or in leaving the premises (as to that part undertaken to be repaired) in an unsafe condition.

█ 3. Upon the facts found plaintiff is not entitled to recover.

### Judgment

This case coming on to be heard upon the pleadings, the evidence introduced, and the argument of counsel, and the Court being fully advised in the premises, and having made findings of fact and announced conclusions of law, it is by the Court ordered, adjudged and decreed that the plaintiff have and recover nothing from the defendant and that the costs be assessed against the plaintiff.

### Supplement to Memorandum

There was taken under submission during the trial defendant's objection to plaintiff's Exhibit 13. That objection now is overruled.

There was submitted to the Court at the end of the trial by plaintiff's counsel certain proposed findings of fact and conclusions of law. It is directed that they be filed by the clerk and that they constitute a part of the record in this case. The findings of fact requested, to the extent that they have not been given by the court, are deemed by the court either to be unproved or to be immaterial. The conclusions of law requested by plaintiff, to the extent that they have not been given by the court, are deemed by the court either to be erroneous or to be irrelevant.

### Second Supplement to Memorandum

Since the principal memorandum was filed in this case counsel for defendant has asked that defendant's requested findings of fact and conclusions of law, which were filed June 7, having previously been submitted to the court, be made a part of the record in this case. It is so ordered.