162

HUFFMAN v. HOME OWNERS' LOAN CORPORATION.

No. 13023.

Circuit Court of Appeals, Eighth Circuit.

June 27, 1945.

Rehearing Denied July 23, 1945.

Writ of Certiorari Denied Oct. 22, 1945.

See 66 S.Ct. 100.

See, also, 134 F.2d 314.

Price Wickersham, of Kansas City, Mo. (Clay C. Rogers, of Kansas City, Mo., on the brief), for appellant.

Charles M. Miller, of Kansas City, Mo. (Wiley A. Blair, of Memphis, Tenn., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

The plaintiff suffered injury in January, 1939, in falling down the basement stairway in a dwelling house in Kansas City, Missouri, of which Home Owners Loan Corporation was the owner and her employer, a Mr. Sweeney, was the tenant. She was rightfully on the premises doing one of the tasks of her employment, and her fall was caused by the defective condition of the fourth tread from the top of the stairway which tilted under her weight. She brought this action for damages against the landlord asserting it was liable under the applicable Missouri decisions declaring the landlord and tenant law in that state, in that the landlord had been negligent in renting the premises containing a dangerous defect, known to the landlord and not known to or easily discoverable by the tenant, and in making repair of the stairway which it was alleged the landlord had undertaken. On the first trial of the case she recovered a judgment in the District Court, but on appeal it appeared to this court, upon thorough study of the evidence and the applicable Missouri law, that her accident did not result from any actionable negligence of the defendant and the judgment in her favor was reversed and the cause remanded. Home Owners' Loan Corporation v. Huffman, 8 Cir., 124 F.2d 684. Thereafter a second trial of the case was had without a jury, and the judgment was for dismissal. She appeals from the judgment of dismissal.

In making its findings and conclusions upon the second trial, the trial court stated that it considered the record made on the second trial essentially the same as to the facts as the record on the first trial. The parties and their pleadings were the same, the events involved identical and there were the same witnesses. The trial court stated, i. a., "Indeed, there was no contention at the oral argument that the facts in the present record differ from the facts shown by the former record." It made ten findings, which were in accord with the facts as they had appeared to this court, and added three additional findings not in conflict with this court's decision.

The opinion of this court on the former appeal sets out the pleadings and the facts as shown in the findings and in the testimony on the first trial, and there is no occasion to repeat here what was there stated.

But plaintiff sought to justify her second trial of the same issues to the court without a jury upon the testimony of the same witnesses, on the ground that the Supreme Court of Missouri had, after the decision of this court, overruled the case of Davis v. Cities Service Oil Co., Mo.App., 131 S. W.2d 865, cited in this court's opinion, and had in the case of Bartlett v. Taylor, 351 Mo. 1060, 174 S.W.2d 844, decided November 1, 1943, declared the applicable and controlling Missouri law in tort actions by tenants against landlords, to be different from and in conflict with the law declared and applied by this court. The trial court recognized that if the later Missouri decision did declare the Missouri law contrary to this court's declaration of it, it would be the court's duty on the second trial to apply the law according to the later pronouncement of the Missouri Supreme Court. On full consideration, reflected in its written opinion accompanying the judgment here appealed from, the trial court determined that although the Missouri Supreme Court had overruled in one respect a declaration of law which had been made in the Davis case, the Supreme Court of Missouri had not overruled or departed from any rule declared and applied by this court in deciding this case on the first appeal.

In its decision this court cited the Davis case in support of the declaration "that under the decisions of Missouri, a tort action can only be sustained against a defendant landlord who actually makes a repair and as a result of his negligence in so doing injury results," [124 F.2d 687] and this court quoted from the Davis case, "The petition does not allege that the servant of the tenant was injured by reason of a defect or dangerous condition caused by the repairs attempted by defendant, but shows that the servant of the tenant was injured by reason of the defects which existed at the time the premises were leased by defendants Campbell prior to the time repairs were undertaken by the landlord." As this case on the appeal presented that identical situation (in which the Davis case had denied recovery) and the servant of the tenant here was injured by reason of the defects in the fourth tread of the stairway which existed at the time the premises were leased by defendant, the citation and quotation from the Davis case as made by this court were appropriate to that point. This court then referred to the repair which was undertaken and which was made by the landlord in this case, on the landing at the bottom of the stairway. We held on full consideration that the repair on the landing at the bottom of the stairway had nothing to do with the fourth tread and that such repair on the landing did not in any way contribute to plaintiff's injuries. "So far as the fourth tread was concerned, it was in exactly the same condition at the time of the accident as it was before the repairs were made." It was defective but the tenant took it as it was.

Turning to the Missouri decision later handed down in Bartlett v. Taylor, 351 Mo. 1060, 174 S.W.2d 844, it appears that recovery was there awarded a tenant and sustained by the Supreme Court in a case where the landlord who undertook to make a repair during the rental period did so negligently, leaving the part repaired defective and dangerous, resulting in the injury. No part of the opinion is directed to the situation presented in this case where the defective fourth tread of the stairway which caused plaintiff's injury had remained untouched by the landlord from the time of renting the premises to the time of the injury. The determination of the trial court that the decision of this court on the first appeal in no wise conflicts with Bartlett v. Taylor, is approved.

Much of the appellant's brief on this appeal is directed to the contention that the landlord in this case undertook to repair the whole basement stairway and therefore was charged with liability for the defective condition of the fourth tread from the top and the injury which resulted therefrom. But though the point is labored very thoroughly, we see no reason to recede from our decision on that point against the appellant expressed in the former opinion. The evidence on both trials was that the landlord did not undertake to repair the tread that caused the damage. It undertook to repair the bottom landing and no defect or injury resulted from that repair.

The appellant also argues that the proof on the second trial was that the landlord knew at the time of the letting that the fourth tread was defective and dangerous and that the danger was not easily dis-

coverable by the tenant or the plaintiff and that the landlord negligently failed to inform and that the plaintiff should have had judgment on that ground. It is said that ground of recovery was not tried out on the first trial or on the first appeal.

The record of the appeal from the first trial does not disclose that the plaintiff had then requested the court to make a finding that the defendant knew the defective condition of the fourth tread. The request was to find that it "Knew or by the exercise of ordinary care could and should have known" and the trial court made its findings as plaintiff requested. However, in its opinion accompanying judgment, reported D.C., 39 F.Supp. 139, 141, the trial court stated that "the danger [of the fourth tread] was plain, obvious and glaring", to defendant's inspector who was "grossly negligent in his inspection and by reason thereof a pitfall was set for the unsuspecting occupants of defendant's property." And in the brief on appeal it was argued, i.a., "that King (defendant's inspector) admitted that he observed that the supporting stringer [of the fourth tread] was chipped off causing the 8 penny nail in the fourth tread to be exposed so it was holding to nothing, which was of course enough to bring home to defendant *actual* notice of the necessity of repairing the fourth tread."

In its former opinion in this case, this court detailed those allegations of the complaint which asserted plaintiff's right to recover on the ground of defect causing injury known to the landlord and not disclosed to the tenant, and it also fully considered the evidence showing what it was that made the fourth tread dangerous. It found the proof to be in accord with the allegations of the complaint "that the step was dangerous * * * because of not being securely nailed to the stringer underneath it." This court concluded that defendant was without notice either actual or constructive of that defect, and the reversal of the judgment which it ordered was upon consideration of all that was pleaded or shown in evidence tending to support the judgment in plaintiff's favor.

On the second trial, the plaintiff did specifically request the court to find that the dangerous condition of the fourth tread which caused the accident was known to

defendant and unknown to the tenant at the time of the letting, and the trial court refused to so find. 55 F.Supp. 453, 457. Such refusal was expressed in the court's "Supplement to Memorandum" covering its refusal to make a number of findings requested by plaintiff on the ground that they "are deemed by the court either to be unproved or to be immaterial." In its "additional finding" (12) the trial court went further into detail to identify the defect of the fourth tread that caused the accident than this court had done in that the trial court also described the action of the tread in tipping under the plaintiff's weight. It recognized that the tread was not securely nailed to the stringer underneath it and found "a freedom of movement up and down about the fulcrum made by the connection of nail and horse." It concluded upon the facts which it did find that plaintiff was not entitled to recover. It manifestly believed that plaintiff had not proved that defendant knew, at the time of the letting, of the defect that caused the accident.

We have examined the evidence on the second trial and have considered the details pointed out by appellant claimed to differentiate the evidence from that heretofore considered by us. We think, as did the trial court, that the record at the close of the second trial was essentially the same as it was on the first trial. But the issue as to the alleged fact of the defendant's knowledge of the defect at the time of the letting was submitted to the court as trier of the facts, and its determination of the fact issue against the plaintiff is binding on this court unless clearly erroneous. We find no evidence in the record to justify reversal of the trial court's determination that plaintiff failed to prove her charge that the defect in the fourth tread that caused the accident was known to defendant and concealed from plaintiff. The first opinion of this court correctly declares and applies the law of Missouri to the facts in the case. The action was in tort on the two grounds of negligent concealment of known defect and negligent repair, and neither was proved. On this second appeal, the same conclusion that the plaintiff's accident did not result from any actionable negligence of defendant is adhered to.

Affirmed.