WOLF MARKS, Respondent, v. NAMBIL REALTY CO., INC., Appellant.

**Landlord and tenant — negligence — landlord liable for negligence in making voluntary repairs.**

A landlord, though a volunteer in making repairs to leased premises, is liable, none the less, to his tenant, for negligence in making them. (*Marston* v. *Frisbie*, 168 App. Div. 666; *Wynne* v. *Haight*, 27 App. Div. 7, disapproved.)

*Marks* v. *Nambil Realty Co.*, 218 App. Div. 763, affirmed.

(Argued May 9, 1927; decided May 31, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 8, 1926, affirming a judgment in favor of plaintiff entered upon a verdict.

*Walter G. Evans* and *Alfred W. Andrews* for appellant. Plaintiff did not prove any fact showing that the landlord defendant in making this stairway more solid by placing

a piece of board under the right-hand stringer of the stairway made the condition more dangerous, or that the placing of this board under the right-hand stringer had any causal connection with the breaking of the tread, and the complaint should have been dismissed.  (*Schick* v. *Fleischauer*, 26 App. Div. 210; *Kane* v. *Williams*, 140 App. Div. 857; *Kusher* v. *Ginsberg*, 99 App. Div. 417; 188 N. Y. 630; *Elfante* v. *Pizitz*, 182 App. Div. 819; 230 N. Y. 567; *Silverman* v. *Isaac*, 183 App. Div. 542; *Hollman* v. *Kayell Realty Co.*, 120 Misc. Rep. 546; *Wynn* v. *Haight*, 27 App. Div. 2; *Marsten* v. *Frisbie*, 168 App. Div. 666.)

*Charles Marks* and *William Dike Reed* for respondent. Sufficient proof was presented by plaintiff to warrant the submission of the case to the jury.  (2 McAdam on Landlord & Tenant, 1331, 1613; *Race* v. *Krum*, 222 N. Y. 410.)

CARDOZO, Ch. J.    Plaintiff was the tenant of the ground floor and cellar of a building in the city of New York.    A flight of stairs leading to the cellar fell out of repair.    The iron stringer supporting the lowest step was planted in concrete which had become broken and hollow.    The defendant, the landlord, was notified of the defect and promised to correct it.    The promise was gratuitous, for the stairs were not for the common use of all the occupants of the building, but were wholly within the premises demised.    There was thus no duty to repair, since the building was not subject to the Tenement House Law (Cons. Laws, ch. 61), but was leased for business uses (*Altz* v. *Leiberson*, 233 N. Y. 16).    The landlord, however, did repair, and made a bungling job of it.    The broken concrete was not reset, but the fragments were cleared away, and a piece of wood, ill-secured, was inserted between the stringer and the ground.    The plain-

tiff expressed misgivings as to the safety of the prop, but was assured by the landlord's agent that it would "last forever." The event belied the prophecy. Step and prop collapsed under the burden of the plaintiff's weight. He was thrown to the ground, and suffered injuries for which he sues.

The landlord, though a volunteer in making the repairs, is liable, none the less, for negligence in making them. "It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all" (*Glanzer* v. *Shepard,* 233 N. Y. 236, 239). The distinction in such cases is the old one between nonfeasance and misfeasance (*Thorne* v. *Deas,* 4 Johns. 84, 96; *Siegel* v. *Spear & Co.,* 234 N. Y. 479, 483; Bohlen, Studies in the Law of Torts, p. 80). A landlord in these circumstances is not charged with liability on the basis of the non-performance of a voluntary promise. He is charged with liability because having chosen to perform he has thereby become subject to a duty in respect of the manner of performance. The cases are many in which liability has been enforced upon that footing for the protection of a tenant (*Gregor* v. *Cady,* 82 Me. 131; *Gill* v. *Middleton,* 105 Mass. 477; *Buldra* v. *Henin,* 212 Mass. 275; *Miller* v. *Fisher,* 111 Md. 91; *Charney* v. *Cohen,* 94 N. J. L. 381, 383; *Mann* v. *Fuller,* 63 Kan. 664).

We recall these familiar principles because they seem to have been overlooked in cases in the Appellate Division relied on by the defendant here (*Marston* v. *Frisbie,* 168 App. Div. 666; *Wynne* v. *Haight,* 27 App. Div. 7). There is a suggestion, if not a ruling, in these cases, that to make the landlord liable, the negligent repairs must have aggravated the defect, so that what was dangerous before became more dangerous than ever. We cannot yield assent to this restriction of the field of duty. The tenant does not have to prove that by the negligent

making of the repairs what was wrong has been made worse. His case is made out when it appears that by reason of such negligence what was wrong is still wrong, though prudence would have made it right.

We do not read the charge of the learned justice at Trial Term as laying down any rules at war with those announced in this opinion, He told the jury in effect that the defendant was not liable if the step collapsed through some defect unrelated to the prop, and hence not within the scope of the promise to repair. If the charge were to be read, however, as restricting liability within the narrow limits of the rule in *Marston* v. *Frisbie (supra)*, a verdict thus limited would have a basis in the evidence. The plaintiff came down the stairs, his arms hampered by a burden. The inference is permissible that the presence of the prop cloaked the defect, dulled the call to vigilance, and so aggravated the danger.

The judgment should be affirmed with costs.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed, etc.