Hillsborough,  
June 1, 1938.

ANTONINA KUCHYNSKI

*v.*

JOHN UKRYN & *a.*

PAUL KUCHYNSKI

*v.*

SAME.

*William A. Joyce, Myer Saidel* and *J. Francis Roche* (*Mr. Roche* orally), for the plaintiffs.

*Devine & Tobin* and *Ivory C. Eaton* (*Mr. Tobin* orally), for the defendants.

PAGE, J. At the time that the plaintiff Antonina suffered her injuries, she and the plaintiff Paul had occupied the premises under the tenancy of the latter for thirteen years or more, during the last six of which the defendants had been owners and landlords. As far as appears, the tenant was in control of the premises, and there was no contract by the defendants to make repairs.

The evidence would justify a finding that at some indefinite time prior to the accident, the defendant Ukryn drove two nails into the foot of the post that supported the rail, apparently with the purpose of making the post firmer. The plaintiffs contend that at the time this was done the lower, or lining, floor was so much decayed that the nails did not hold, or that the nails were not driven deeply enough.

There is not the least evidence that the condition of the premises was rendered less safe by the act of Ukryn or by any negligence on his part in performing the work. Having no duty to act at all, his failure to act would not have created liability. Neither his act nor his manner of doing it appears to have created any insecurity. The plaintiffs had no knowledge of the act until after the accident. They could therefore have placed no reliance upon the act as that of one who assumed a duty to care for the security of the post. Under the circumstances disclosed there can be no recovery. *Kirshenbaum* v. *Company*, 258 N. Y. 489, 496; Am. Law Inst., Restatement, Torts, ss. 355, 357, 362. The rule stated is not inconsistent with the decisions of this court. *Hunkins* v. *Company*, 86 N. H. 356; *Gobrecht* v. *Beckwith*, 82 N. H. 415; *Rowan* v. *Company*, 79 N. H. 409.

*Judgment for the defendants.*

All concurred.