**VERPLANCK, Appellee, v. MORGAN, Appellant.**

Ohio Appeals, Ninth District, Summit County,

No. 3897. Decided January 23, 1948.

Gottwald, Hershey & Hatch, Akron, for appellee.
E. Guy Hammond, Akron, for appellant.

## OPINION

By HUNSICKER, J.

In consideration of this appeal on questions of law, we review a judgment of the Court of Common Pleas of Summit County, Ohio, which affirmed a judgment for the plaintiff (appellee herein) granted on a verdict of a jury in the Municipal Court of Akron.

The plaintiff claims that the oven of a gas stove used by her in her apartment, but owned by the defendant landlord, exploded, causing her to be injured.

Plaintiff rented and occupied an apartment in a building owned by the defendant, the gas stove being a part of the furnishings and under the plaintiff's sole control. The oven of the stove exploded in January, 1943, after which the custodian and agent of the landlord made certain adjustments on the oven and said to the plaintiff that it was in fit condition

to be used. The next time the plaintiff had occasion to use the oven—in May of 1943—it again exploded, causing her injury.

There was no agreement on the part of the landlord to keep and maintain the stove in good working order.

We therefore have the question as to what liability attaches to a landlord who, having furnished an appliance, such as the stove, the tenant having complete control of such appliance, gratuitously adjusts the appliance, which, the next time it is used after the adjustments, explodes, causing the tenant injury.

We recognize the general rule to be that a lessor out of possession and control is not liable to a tenant for the condition of the premises, or for damages resulting therefrom, in the absence of deceit or of any agreement, or warranty, or liability created by statute.

Goodall v. Deters, 121 Oh St 432.

24 O. Jur., Landlord and Tenant, Sec. 189, p 924, and cases there cited.

Where, however, a landlord voluntarily and gratuitously undertakes, during the tenant's occupancy of the premises, to repair the demised premises, he is bound in so doing to use reasonable and ordinary care and diligence, and will be liable for injuries caused by want of due care or skill in the execution of the work on the part of himself or his agent.

34 L. R. A. (N. S.) 806.

Horton v. Early, 134 Pac. 436; 47 L. R. A. (N. S.) 314.

48 L. R. A. (N. S.) 921.

Kirshenbaum v. General Outdoor Adv. Co., 258 N. Y. 489; 180 N. E. 245; 84 A. L. R. 645.

Gill v. Middleton, 105 Mass. 477.

32 Am. Jur., Landlord and Tenant, Sec. 679, and cases there cited.

1 Tiffany on Landlord and Tenant, Sec. 87 f(3) (p. 608).

The word "repair" according to Webster's New International Dictionary, Second Edition, means "(1) To restore to a sound or good state after decay, injury, dilapidation or partial destruction * * *. (3) To remedy, heal, make right, or mend * * *." These definitions of "repair" are sufficiently comprehensive to include the adjustment of the burners on the landlord's stove in the possession of the tenant.

In this case the inference may be properly drawn from the established facts that the repairs were insufficient, and that the tenant, by reason of the agent's assurance that the oven was fit for use, attempted to operate it, to her damage. In

the case of ineffectual repairs, if they are made to appear sufficient and lead the tenant to use the appliance so repaired, to her damage, a liability may arise against the landlord for his negligence. We believe, as was said by Judge Cardozo in Marks v. Nambil Realty Co., 245 N. Y. 256, at p. 258, that: "The tenant does not have to prove that by the negligent making of the repairs what was wrong has been made worse. His case is made out when it appears that by reason of such negligence what was wrong is still wrong, though prudence would have made it right."

Although an interval of time elapsed between the date of the repairs and the next use of the oven, at which time it exploded, the lapse of time in and of itself did not make the receipt of the evidence of the second explosion improper.

"When the existence of an object, condition, quality, or tendency at a given time is in issue, the prior existence of it is in human experience some indication of its probable persistence or continuance at a later period.

"* * * the interval of time to which an inference will be allowable must depend upon the nature of the thing and the circumstances of the particular case."

II. Wigmore on Evidence (1940 Ed.), Sec. 437.

The fact that the landlord's agent voluntarily undertook to make the repairs to the oven after the first explosion, and stated that it was then in good shape after completion of his work, and that the next time it was used it exploded, is a fact from which the jury could properly draw the inference that the repairs so made were negligently done.

The transcript of testimony does not contain the charge of the court to the jury, and hence we must assume that the matter was properly presented on the law applicable thereto.

We have examined all other claimed errors, and find none prejudicial to the rights of the appellant.

Judgment affirmed.

DOYLE, PJ, and STEVENS, J, concur.