## CHAPMAN et, Plaintiff-Appellee, v. PARK LANE VILLA COMPANY, Defendant-Appellant.

Ohio Appeals; Eighth District, Cuyahoga County.

No. 22286. Decided December 17, 1951.

Michael S. Cerrezin, Cleveland, for plaintiff-appellee.
P. Jerome Pasch, Cleveland, for defendant-appellant.

(HUNSICKER, PJ, DOYLE, J, of the 9th District; NICHOLS, J, of the 7th District, sitting by designation in the 8th District.)

## OPINION

Per CURIAM:

This is an appeal on questions of law from a judgment rendered by the Municipal Court of the City of Cleveland, Ohio.

It is not necessary herein to set out the facts of this case. Liability does not arise herein for the failure of the landlord to make repairs but the liability does arise from repairs negligently made when voluntarily and gratuitously undertaken by an agent of the landlord. The result of such repairs so negligently made was injury to the property of the plaintiff-appellees.

The rule in the instant case has heretofore been stated to be as follows:

"We recognize the general rule to be that a lessor out of possession and control is not liable to a tenant for the condition of the premises, or for damages resulting therefrom, in the absence of deceit or of any agreement, or warranty, or liability created by statute.

2

"Goodall v. Deters, 121 Oh St 432; 24 O. Jur., Landlord and Tenant, Sec. 189, p. 924, and cases cited there.

"Where, however, a landlord voluntarily and gratuitously undertakes, during the tenant's occupancy of the premises to repair the demised premises, he is bound in so doing to use reasonable and ordinary care and diligence, and will be liable for injuries caused by want of due care or skill in the execution of the work on the part of himself or his agent."

Verplank v. Morgan, 55 Abs 574, at p. 575.

We find in the instant case that there is competent evidence warranting the findings that: the relationship existing between the appellant and the person sent to make the repairs was that of master and servant; such repairs were voluntarily and gratuitously undertaken; such repairs were negligently made and that the property damage was the proximate result of such negligence.

The judgment is affirmed. Exceptions noted.

HUNSICKER, PJ, DOYLE, J, NICHOLS, J, concur.