Mary Roesler, Appellee, v. Liberty National Bank of Chicago, Trustee, and Milton L. Durschlag, Appellant.

Gen. No. 46,073.

Opinion filed February 24, 1954. Rehearing denied April 21, 1954. Released for publication April 22, 1954.

JEROME M. BROOKS, and LEO S. KARLIN, both of Chicago, for appellant; LEO S. KARLIN, of Chicago, of counsel.

KAMIN & GLEASON, of Chicago, for appellee.

Mr. Presiding Justice Feinberg delivered the opinion of the court.

Plaintiff's action is for personal injuries allegedly caused by the negligence of defendant. A trial with a jury resulted in a verdict for $38,000 in favor of plaintiff. Upon a remittitur by plaintiff of $13,000, in conformity with an order of the trial court, judgment for $25,000 was entered in favor of plaintiff. Defendant appeals.

The original complaint filed April 8, 1949, alleged that plaintiff was a tenant of defendant in the premises owned, controlled and operated by defendant; that defendant negligently maintained a stairway in common use by the tenants of said premises, negligently permitted said stairway to be in a defective and hazardous condition, and failed to repair the broken and defective condition of such steps on such stairway; and that on March 6, 1949, plaintiff, due to the negligence of defendant, was injured.

On June 19, 1952, plaintiff filed an amended complaint to conform to the proof upon the trial, which alleged with respect to the stairway that for a long time prior to the accident the stairway was in a broken, rotted, defective and hazardous condition, which condition the defendant knew or should have known by the exercise of reasonable care; and that defendant voluntarily undertook to make repairs on said stairway, and negligently repaired the same so that it remained in a defective and hazardous condition, and failed to exercise ordinary care in the repair of said defective condition, resulting in an accident and injury to plaintiff.

An answer was filed to the amended complaint, denying the allegations, and alleging as a special defense that the action was barred by the statute of limitations.

The evidence establishes the following facts: Plaintiff, over a period of nine years, was the first-floor

56

tenant of defendant; that a rear staircase, used exclusively by plaintiff and not in common use by the other tenants, led from the rear of her apartment to the ground; that the stairway consisted of five wooden steps, which she used on an average of once a week when taking out the garbage; that over the period of nine years a custom was established of complaints made by plaintiff at the office of defendant whenever something in the apartment needed fixing, and thereupon defendant would dispatch a carpenter, who also resided in said premises, to make the necessary repairs; that some time in January 1949, plaintiff made complaint at defendant's office about the stairway in question being loose; that in response to the complaint, defendant directed a carpenter to fix the stairway; that the carpenter put some nails in one of the boards on the step, and then told plaintiff that the steps were all right, that they would not "wiggle," and that it would be all right; that on the day of the occurrence she walked down the stairway, a portion of the last step gave way, and she fell and sustained the injuries complained of. The photographs in evidence showed the rotted condition of the step which broke and caused plaintiff to fall.

Defendant contends that the amended complaint set up a new cause of action and was barred by the statute of limitations. We think what is alleged in the amended complaint arises out of the "same transaction or occurrence set up in the original pleading," within the meaning of section 46 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 170; Jones Ill. Stats. Ann. 104.046], governing amendments, and is not barred by the statute of limitations. *Metropolitan Trust Co. v. Bowman Dairy Co.,* 369 Ill. 222; *Willett v. Baltimore & O. S. W. Ry. Co.,* 284 Ill. App. 307; *Schafer v. City of Edwardsville,* 309 Ill. App. 437.

57

Defendant seriously attacks plaintiff's right to recover upon this evidence. Counsel argues, from an extensive review of the authorities in other jurisdictions and some cases in Illinois, that a landlord is under no obligation to make repairs in the absence of any covenant on his part imposing such obligation, and that a gratuitous undertaking to repair the condition complained of does not render him liable (*Carson v. Weston Hotel Corp.*, 351 Ill. App. 523; *Jackson v. 919 Corporation*, 344 Ill. App. 519) unless it is clearly established that the repairs gratuitously undertaken by the landlord were performed negligently, so as to create a hazardous and dangerous condition which proximately caused the accident in question. Vol. 2, Restatement of the Law of Torts, American Law Institute, § 362; *Theakston v. Kaszak,* 152 Pa. Super. 576, 33 A.2d 46; *Ginsberg v. Wineman,* 314 Mich. 1; *Kuchynski v. Ukryn,* 89 N. H. 400, 200 Atl. 416, and *Marks v. Nambil Realty Co., Inc.,* 245 N. Y. 256, 157 N. E. 129, would seem to support defendant's contention as to the rule of liability.

If the jury believed plaintiff's testimony, whose credibility it was the function of the jury to determine, then even upon defendant's theory of liability, plaintiff should be permitted to recover. Her complaint to defendant's office, as already shown, referred to the staircase and not to any particular step. When defendant dispatched a carpenter in response to her complaint, to make the necessary repairs, it became the duty of defendant to examine the staircase and determine its condition of safety. If a reasonable inspection would disclose the rotted condition of the step which broke, and upon which plaintiff fell, then it should have been apparent that the driving of several nails into the board was not sufficient to remedy the condition, and a

58

jury could well determine that defendant was negligent in the repair work undertaken. Furthermore, plaintiff testified that defendant's agent doing the work assured her it was all right and that the stairs would no longer "wiggle."

We are persuaded by the reasoning of the eminent JUSTICE CARDOZO in *Marks v. Nambil Realty Co., Inc.*, 245 N. Y. 256, involving a strikingly similar situation, wherein he said:

"The iron stringer supporting the lowest step was planted in concrete which had become broken and hollow. The defendant, the landlord, was notified of the defect and promised to correct it. The promise was gratuitous, for the stairs were not for the common use of all the occupants of the building, but were wholly within the premises demised. There was thus no duty to repair . . . . The landlord, however, did repair, and made a bungling job of it. The broken concrete was not reset, but the fragments were cleared away, and a piece of wood, ill-secured, was inserted between the stringer and the ground. The plaintiff expressed misgivings as to the safety of the prop, but was assured by the landlord's agent that it would 'last forever.' The event belied the prophecy. . . .

" 'It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all.' . . . A landlord in these circumstances is not charged with liability on the basis of the nonperformance of a voluntary promise. He is charged with liability because having chosen to perform he has thereby become subject to a duty in respect of the manner of performance. . . .

59

"The tenant does not have to prove that by the negligent making of the repairs what was wrong has been made worse. His case is made out when it appears that by reason of such negligence what was wrong is still wrong, though prudence would have made it right.

". . . The plaintiff came down the stairs, his arms hampered by a burden. The inference is permissible that the presence of the prop cloaked the defect, dulled the call to vigilance, and so aggravated the danger."

In *Kirshenbaum v. General Outdoor Adv. Co.*, 258 N. Y. 489, it was said:

" 'It is the duty of one choosing to perform a gratuitous undertaking to take care lest he should mislead his promisee into the belief that the work has been well done and the premises made safe for use.' There is liability if the making of the repairs gives the premises 'a deceptive appearance of safety and so leads the tenant or others in his right to use the land in a way which but for the repairs they would recognize to be dangerous.' "

We think the verdict is not against the manifest weight of the evidence.

██ Instruction No. 1 given for plaintiff summarized the charges of negligence in the complaint and informed the jury that defendant in his answer has denied the allegations of negligence on his part and due care on the part of the plaintiff; has denied that plaintiff was injured by reason of any negligence above stated; and directs a verdict for plaintiff if the jury believed plaintiff proved the charges of negligence, and that plaintiff was in the exercise of due care and caution for her own safety. Defendant argues that the instruction constitutes reversible error, relying on *Signa v. Alluri*, 351 Ill. App. 11, and *Pappas v. Peoples Gas Light & Coke Co.*, 350 Ill. App. 541. The instant

instruction is not as concise or condensed as it should be. While it is in better form than those in the cases cited, it is still subject to some of the criticism directed against the instructions involved in those cases. Because, upon this record, we are impelled to conclude that the instant instruction has not resulted in any substantial harm, we consider it not reversible error.

 We find no merit in the complaint made as to plaintiff's instruction No. 5, which defined negligence, and was approved in *Perryman v. Chicago City Ry. Co.,* 242 Ill. 269; No. 2, stating that plaintiff need not prove any fact or issue beyond a reasonable doubt (*Slovinski v. Beasley,* 316 Ill. App. 273); and No. 4, stating that the law did not require plaintiff to exercise an extraordinary degree of care, but only the exercise of ordinary care (*Arndt v. Riverview Park Co.,* 259 Ill. App. 210, 219; *Elgin, J. & E. R. Co. v. Lawlor,* 229 Ill. 621, 629).

 The argument to the jury by plaintiff's counsel is assigned as prejudicial error. We do not regard the argument as prejudicial. This court in *Reinmueller v. Chicago Motor Coach Co.,* 341 Ill. App. 178 (leave to appeal denied by the Supreme Court), followed the statement in *Walsh v. Chicago Rys. Co.,* 303 Ill. 339:

" 'This court has said more than once, that in arguing cases to the jury attorneys must be allowed to make reasonable comments upon the evidence. The interest of public justice requires that counsel should not be subjected to unreasonable restrictions in this regard . . .' "

and added:

"If the rule with reference to improper inferences were applied as strictly as counsel for defendants urge, it would have a tendency to deprive litigants of the right

of having their cases argued, for the prudent attorney would in such case forego argument rather than risk reversible error."

No point is made as to the damages.

We think defendant has had a fair trial. The judgment is affirmed.

*Affirmed.*

KILEY and LEWE, JJ., concur.