Sidney A. Fine, J.
This is an action brought by a New York City policeman to recover for personal injuries sustained by him on May 29, 1955 while attempting to maintain order among a large crowd of excursionists on a pier owned by the City of New York at 134th Street and the Hudson River. A boat owned and operated by the defendants Wilson Line, Inc., and Wilson Line Operating Company was moored at the time at the westerly end of the pier, and was taking on passengers for a trip to Playland, Rye, New York, under a charter agreement between the Wilson Line, Inc., and an organization known as the Catholic League.
By the terms of the charter agreement, the charterer — the Catholic League — agreed to furnish its own tickets and arrange for their collection as well as “ to provide a competent committee to keep order and handle passengers on the wharf and aboard the vessel ”; the Wilson Line reserving only the right to exclude objectionable persons and to enforce restrictions with respect to the maximum number of passengers. The Wilson Line had received a permit from the city to make landings at the pier to take on and discharge passengers, and the charter agreement provided that the charterer was to pay the wharfage fee.
The plaintiff, the operator of a police radio car, arrived at the scene with a fellow officer, and they left their car to assist in maintaining order upon noticing that the crowd on the pier was noisy and unruly. There were other New York City policemen in attendance at the scene.
The accident occurred on the pier at a point about 120 feet away from the gangplank leading on to the vessel. There was evidence that several employees of the Wilson Line were standing at the gangplank and supervising the boarding of the vessel by passengers. There was no evidence, however, that any such employees were in any way.engaged in regulating the conduct of the crowd on the pier away from the gangplank, or that they were in any way attempting to keep order among the people congregated on the pier who were waiting to approach the gangplank.
*320 There was further evidence that one of the ropes holding the vessel to the pier somehow became loose and that the vessel began to slip away from the pier, and that as the crowd on the pier started to surge toward the pier’s end, the plaintiff, while attempting to control the crowd, was pushed over a fence and suffered the injuries here in suit.
The action was discontinued against the City of New York, one of the original defendants, and went to trial against the other two defendants, Wilson Line, Inc., and Wilson Line Operating Company. The jury returned a verdict for the plaintiff, and the defendants have moved to set aside the verdict and have renewed the motions previously made by them.
There is no evidence in this case to support a finding by the jury that the defendants, Wilson Line, Inc. and Wilson Line Operating Company, had or exercised any control of the city-owned pier on which this accident occurred, or that they owed any duty to persons on the pier to maintain order thereon or to regulate the conduct of passengers on the pier except perhaps in the immediate vicinity of the gangplank. Plaintiff attempts to invoke the doctrine that “ one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all.” (Glanzer v. Shepard, 233 N. Y. 236, 239; Marks v. Nambil Realty Co., 245 N. Y. 256.) The difficulty is, however, that there is no evidence that these defendants in any way attempted to control the conduct of the crowd on the pier, or that they had any employees on hand on the pier except at the westerly end of the pier in the immediate vicinity of the gangplank. The significant facts are that this accident occurred, not in the immediate vicinity of the gangplank, but some 120 feet away, and that maintenance of order among the crowd on the pier was being attended to, not by any employees of these defendants, but by police officers of the city.
In the absence of any evidence of control by these defendants over the area where this accident occurred, or of any voluntary exercise by them of supervision of that area or of the people there gathered, there is no basis for imposing any liability in tort upon them. (Cf. Murrain v. Wilson Line, 270 App. Div. 372, affd. 296 N. Y. 845; see, also, Cullings v. Goetz, 256 N. Y. 287.) As regards the accidental movement of the vessel away from the pier, even if the evidence here is arguably sufficient to support a finding of negligence on the part of the defendants in respect of that mishap, it could not be regarded as the proximate or reasonably foreseeable cause of the occurrence which resulted in the plaintiff’s injuries. (Cf. Palsgraf v. Long Island, R. R. Co., 248 N. Y. 339.)
*321 The court is accordingly constrained to set aside the jury’s verdict and to grant the motions previously made by these defendants, on which decision was heretofore reserved, to dismiss the complaint and the clerk is directed to enter judgment accordingly.
The plaintiff is granted a 30-day stay of execution and 60 days within which to make a case.