MARGARET BREWER, Plaintiff-Appellant, *v.* WILBUR M. BANKORD *et al.*, Defendants-Appellees.

Second District   No. 78-296

Opinion filed March 12, 1979.

William M. Flaherty, of Tuite, Morrissey, Gesmer & Finnegan, of Rockford, for appellant.

Eugene E. Brassfield, of Brassfield, Cowan & Howard, of Rockford, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from an order denying a motion by plaintiff, Margaret Brewer, to vacate and set aside an order dismissing her amended complaint. The action was brought to recover for injuries sustained when she fell on the stairs of a house owned by defendants, Wilbur and Joanne Bankord, and rented to plaintiff's son and his wife. The trial court denied a motion to strike the original complaint; it granted a motion to make it more definite and certain; plaintiff amended the complaint; defendants filed an answer; discovery was taken; the court denied defendants' motion for summary judgment; defendants thereafter filed a motion for judgment on the pleadings; the court treated this motion as a motion to dismiss for failure to state a cause of action, granted the motion, and allowed plaintiff to amend her pleadings; plaintiff elected to stand on her pleadings and filed a motion to vacate and set aside the order of dismissal. It is from the denial of this motion that the appeal is taken.

■■ Defendants contend that plaintiff's failure to allege her status in relation to the defendants, as a tenant, invitee, or licensee, is a sufficient basis on which to affirm the dismissal, for the reason that the difference in status gives rise to different duties on the part of defendant landowners. The commentators have noted that when a lessor does make repairs and fails to exercise reasonable care in doing so, he is generally liable for resulting injury to a tenant, the tenant's family, or others rightfully present. (Prosser, Torts §63, at 410-11 (4th ed. 1971).) On the other hand, in Illinois an owner is not under a duty to use ordinary care to see that his premises are reasonably safe for a licensee or social guest. (IPI Civil No. 120.02 (2d ed. 1971).) However, it is also true in Illinois that a landlord who undertakes to make improvement or repairs upon the leased premises is under a duty to use ordinary care in carrying out the work even if the landlord was not under a legal obligation to make the improvements or repairs. IPI Civil No. 130.03 (2d ed. 1971).

■ We note that the rule expressed in IPI Civil No. 130.03 is derived from *Roesler v. Liberty National Bank* (1954), 2 Ill. App. 2d 54, 118 N.E.2d 621, which in turn relied heavily on an opinion by Justice Cardozo, *Marks v. Nambil Realty Co.* (1927), 245 N.Y. 256, 157 N.E. 129. Both of those cases involved a landlord who made gratuitous repairs to a stairway which was not part of a common area. In both cases the tenant was told that the repairs had been made, and the tenants were subsequently injured by falling on the stairs when the repairs proved inadequate. While these cases both involved injuries to a tenant who was specifically assured that repairs had been made, it is clear that the status of tenant and reliance on repairs

are not determinative of the liability of a landlord who gratuitously makes repairs which are either inadequate or which aggravate a defect, and which proximately cause injury to a third person rightfully present on the premises. As Justice Cardozo stated in *Marks* (245 N.Y. 256, 258, 157 N.E. 129-30):

> " 'It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all.' * * * A landlord in these circumstances is not charged with liability on the basis of the nonperformance of a voluntary promise. He is charged with liability, because, having chosen to perform, he has thereby become subject to a duty in respect of the manner of performance."

■■ It is our opinion that social guests of a tenant may reasonably be expected to approach and enter the leased premises by use of a staircase leading to a doorway. In light of *Marks* we conclude that a landlord who gratuitously repairs such a staircase, by that act and the reasonable expectation of future use, becomes, in relation to such expected users, subject to a duty of ordinary care in making the repairs. Further, the cases have also held that a landlord's duty to social guests of a tenant, with respect to instrumentalities within the landlord's control, is to exercise ordinary care. *Fugate v. Sears, Roebuck & Co.* (1973), 12 Ill. App. 3d 656, 299 N.E.2d 108.

■■ Since defendants' motion was treated as a motion to dismiss, then all facts well pleaded are admitted for purposes of considering the motion. Defendants therefore admitted, *inter alia*, that they owned the premises; that they controlled the premises; that the stairs had uneven, sagging and rotted wooden steps; that plaintiff was lawfully on the premises and in exercise of due care; that on and before the date of the accident defendants undertook to repair the stairway; that said repairs were negligently done; and that the resulting unsafe condition was not readily apparent to plaintiff who was injured as the proximate cause of said negligence. Defendants have also conceded in their brief before this court that there is no dispute that the plaintiff was a social guest and therefore a licensee at the time of the occurrence. Applying these facts to the law indicated above, we conclude that plaintiff adequately stated a cause of action and that the order dismissing this cause was therefore in error.

■■ Defendants also contend that the complaint is not sufficient because it fails to allege that the defects existed and were known to defendants when they leased the premises and further that it fails to allege that they promised to repair the premises at the time of leasing. A landlord who voluntarily assumes the duty to repair a defect under his control is liable for his negligence in leaving a defective condition or for doing the work so negligently as to cause injury to a third person, regardless of whether

he originally had the duty to repair. (49 Am. Jur. 2d *Landlord & Tenant* §915 (1970).) In light of this rule it is our view that the allegation that the repairs were undertaken is sufficient to rebut defendants' arguments and that whether the repairs were voluntary or agreed to or whether the defects were known at the time of leasing is irrelevant once a landlord undertakes to repair the premises and does so in a negligent manner.

We accordingly reverse the order dismissing plaintiff's cause and remand for further proceedings.

Reversed and remanded.

GUILD, P. J., and LINDBERG, J., concur.