NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-northern judicial district
Case No. 2023-0357
Citation: Robinson v. 1 Bouchard Street Realty, 2024 N.H. 59

D'KWON ROBINSON

v.

1 BOUCHARD STREET REALTY, LLC

Argued: June 6, 2024
Opinion Issued: October 22, 2024

Ward Law Group, PLLC, of Manchester (John L. Ward and Dana K. Smith on the brief, and John L. Ward orally), for the plaintiff.

The Hanover Law Group, of Plymouth, Massachusetts (Daniella Massimilla and Michael R. Morancy on the brief, and Daniella Massimilla orally), for the defendant.

Douglas, Leonard & Garvey, P.C., of Concord (Benjamin T. King on the brief) for New Hampshire Association for Justice, as amicus curiae.

MACDONALD, C.J.

[¶1] This appeal involves whether the defendant landlord, 1 Bouchard Street Realty, LLC, is liable in negligence for injuries suffered by the plaintiff, D'Kwon Robinson, when he slipped and fell on ice on the defendant's property. The defendant leased the premises to the plaintiff's employer, New Hampshire Plastics, LLC (NHP). The lease provided that NHP was responsible for snow and ice removal on the property. The Superior Court (Anderson, J.) entered summary judgment for the defendant, primarily concluding that, pursuant to the lease, the defendant did not owe the plaintiff a duty of care to keep the premises safe. We conclude that the lease did not relieve the defendant of its duty of care to the plaintiff, and, therefore, we reverse and remand.

I. Background

[¶2] The following facts are undisputed. In April 2018, the defendant leased the subject property to NHP. The terms of the lease ran through February 2023. The lease required NHP to keep the premises "free of dirt, snow and ice."

[¶3] In February 2020, the plaintiff worked for NHP. While the plaintiff was working outdoors on the premises, he slipped and fell on ice. The plaintiff sued the defendant in negligence for failing to properly maintain its facilities in a safe condition.

[¶4] The defendant moved for summary judgment, arguing that because the terms of the lease required NHP to assume the responsibility for ice removal, the defendant had no duty to maintain the subject property. The trial court agreed and granted the motion. The plaintiff unsuccessfully moved for reconsideration. This appeal followed.

II. Analysis

[¶5] On appeal, the plaintiff principally argues that the trial court erred in finding that the defendant did not owe a duty of care to him. The defendant contends that because there was no evidence that it maintained control of the premises, the terms of the lease relieved the defendant from its duty to maintain its premises in a safe condition. We agree with the plaintiff.

[¶6] A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." RSA 491:8-a, III (2010). When reviewing a trial court's grant of summary judgment, we consider the parties' affidavits, other evidence, and all inferences properly

drawn from them in the light most favorable to the nonmoving party. Chartier v. Apple Therapy of Londonderry, 175 N.H. 603, 607 (2023). If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the grant of summary judgment is proper. Id. We review the trial court's application of the law to the facts de novo. Id.

[¶7] We begin by determining what effect the lease has on the defendant's common law duty to keep its premises in a safe condition. To recover for negligence, the plaintiff must demonstrate that the defendant owes a duty to him, that the defendant breached that duty, and that the breach proximately caused injury to him. See Bloom v. Casella Constr., 172 N.H. 625, 627 (2019). Absent a duty, there is no negligence. Id. Whether a duty exists in a particular case is a question of law. Id. Under New Hampshire law, premises owners are governed by the test of reasonable care under all the circumstances in the maintenance and operation of their premises. Rallis v. Demoulas Super Markets, 159 N.H. 95, 99 (2009). A premises owner owes a duty to entrants to use ordinary care to keep the premises in a reasonably safe condition, to warn entrants of dangerous conditions, and to take reasonable precautions to protect them against foreseeable dangers arising out of the arrangements or use of the premises. Id.

[¶8] However, "[w]here the parties to a contract are free to make their own bargain, and no special relationship (such as landlord-tenant or common carrier-passenger) exists between them, a clause fully exculpating one party for property damage due to its negligence in the performance of a contract is valid and will be enforced." Tanguay v. Marston, 127 N.H. 572, 577 (1986). In particular, "a lessor and lessee in a lease of commercial real estate may agree on which party will maintain the leased premises and which party will be liable for injuries caused by improper failure to maintain." Id. at 578. "While exculpatory clauses in leases of commercial real estate are binding on the parties to the lease, they have no effect on non-signers." Id.

[¶9] In Tanguay, the plaintiff was injured on his employer's business premises when he slipped and fell on a patch of grease in the parking lot. Id. at 574. The plaintiff sued the defendant landowner. Id. The plaintiff's employer had leased the property from the defendant. Id. The lease contained a provision assigning the employer responsibility for the maintenance of the premises. Id. at 577. We held that the provision did not bar the suit by the plaintiff, a non-party to the lease. Id. at 578.

[¶10] Here, the plaintiff is likewise not a party to the lease between the defendant and NHP. Accordingly, we hold that the lease's requirement that NHP keep the premises free from ice has no effect on the defendant's duty to the plaintiff to maintain its property in a reasonably safe condition. See id.; see also Valenti v. NET Properties Management, 142 N.H. 633, 636 (1998)

3

("Although a possessor of business premises is free to delegate the duty of performance to another . . . he cannot thereby avoid or delegate the risk of non-performance of the duty." (quotation omitted)). Therefore, the defendant was not entitled to judgment as a matter of law. By ruling to the contrary, the trial court erred.

[¶11] The defendant relies on Kuchynski v. Ukryn, 89 N.H. 400 (1938), in arguing that it owed no duty to the plaintiff. The trial court likewise relied on Kuchynski when it granted the defendant summary judgment. We conclude that Kuchynski is inapposite. Kuchynski was decided at a time when New Hampshire law granted landlords limited tort immunity. See Tanguay, 127 N.H. at 578 ("Prior to [Sargent v. Ross, 113 N.H. 388 (1973)], a landlord was not liable, except in certain limited situations, for injuries caused by defective or dangerous conditions in the leased premises.").

[¶12] In Kuchynski, a plaintiff, the spouse of the tenant, was injured due to the insecurity of a staircase post that the defendant landlord had repaired. Kuchynski, 89 N.H. at 400 (preface to opinion). We observed that the defendant landlord had "no duty to act at all." Id. at 401. We held, in part, that the plaintiffs could not recover from the defendant landlord because the plaintiffs did not know until after the incident that the defendant repaired the post and, therefore, they could not assert that they relied on the defendant's repairs under an assumed duty of care for the security of the post. Id. Our holding, in effect, examined whether an exception applied to the general rule at the time that landlords had no duty to act in these circumstances.

[¶13] In Sargent, we "relegated to the history books" landlords' limited tort immunity in favor of the modern rule that "landlords as other persons must exercise reasonable care not to subject others to an unreasonable risk of harm." Sargent, 113 N.H. at 396-97. In light of Sargent, Kuchynski's analysis flows from the now invalid premise that landlords generally had "no duty to act at all." Kuchynski, 89 N.H. at 401. Accordingly, the trial court erred in relying on Kuchynski in granting the defendant summary judgment.

[¶14] In sum, because the trial court erred in granting summary judgment to the defendant, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

BASSETT, DONOVAN, and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but did not participate in the final vote.

4